BREAUX, J.
The defendant was charged with having violated Ordinance 29 of the town council of the town of Mandeville on July 11, 1903.
He was tried and convicted. The sentence imposed is a fine of $25, or imprisonment for 90 days in the jail of the town, and costs.
Prom the sentence and judgment defendant prosecutes this appeal.
The -ordinance which the defendant is charged with having violated makes it penal hereafter for any one to open a liquor saloon without first petitioning the mayor and council in the manner therein mentioned by publication, and after the expiration of the publication the petition is to be granted if it meets with no opposition. To copy from the ordinance, “No privilege to be granted within five hundred feet of any church or school house,” and, further, “Any person violating the provisions of this ordinance shall be fined ($25.00) twenty-five dollars and in default of payment, to be imprisoned for a term of ninety days in the town jail.”
This ordinance is of comparatively recent date—the year 1902.
The charter makes it the duty of the mayor “to preside at the sittings of the town council, to sign all the regulations and town ordinances.” Section 7.
As relates to the facts, it appears that the ordinance had not been signed by the mayor, or any one else. It was only signed on the day the case was tried. It also appears that there are two other saloons as near the church as defendant’s saloon.
An ordinance, being a law, should be signed by some one to give it authenticity. In this instance it was signed on the day the suit was called for trial. Before that time it did not show upon its face that it had been legally adopted and had become effective, or that it was in any way the ordinance of the town.
It is one of the charter provisions that the ordinance shall be signed. It should have been advertised. If it was made public by any of the legal methods, it lacked authenticity sufficient to show that it was a legal ordinance of the council.
It was rather late for the mayor to affix his signature to the ordinance on the day the case was tried.
Publicity is of importance in the administration of public affairs. The mayor, upon whom it devolves to compel the inhabitants of the town to obey its laws and to perform such duty as may be required by the municipality, should himself comply with the plain provision which requires him to “sign the ordinances.”
As relates to the belated signature affixed nunc pro tunc, we can only say that nunc pro tunc can be made to cure a multiplicity of omissions and oversights, but not to the extent of supplying the absence of all signature going to show validity of an ordinance. This was, in the main, the view expressed in Mayor of Breaux’s Bridge v. Dupuis, 30 La. Ann. 1105, to which we adhere.
In the second place, we feel quite confident in the correctness of the conclusion that an ordinance should not discriminate in favor of any one. Drawn as it is in this case, the ordinance would have the effect of permitting the fortunate few who are conducting the saloon business within the designated limits to continue unmolested with their business, while the less fortunate, who come after, are excluded.
It is well settled in matter of municipal regulation that a person engaged in a particular business in a particular locality is not to be advantaged by an ordinance to permit him to continue his business, whilst others are forbidden from carrying on the same business.
Principle very similar was laid down in Town of Crowley v. West, 52 La. Ann. 527, 27 South. 53, 47 L. R. A. 652, 78 Am. St. Rep. *809 355, following the leading ease of Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220.
The ordinance in this case does not apply to all alike, and it does discriminate as to time. It provides, in effect, that from the year 1902 no saloon shall be kept within certain limits, while it leaves free to carry on the business those who were within time limits. The ordinance, in effect, provides that hereafter it shall be unlawful to “establish or set up a drinking house.”
We agree with the able and learned counsel for plaintiff that no license should issue to a person conducting a saloon within 500 feet of a church or schoolhouse, whether such person shall hereafter open a barroom, or whether he is now conducting a barroom. But it is a fact that under the ordinance this general prohibition is not possible, for the ordinance limits it as follows:
That hereafter it shall be unlawful to set up or establish any drinking house.
Whatever power the town has, its ordinances should affect all alike.
For reasons assigned, the judgment appealed from is avoided, reversed, and annulled.
It is further ordered, adjudged, and decreed that the sentence is annulled, the fine set aside, and the defendant released.