(36 South. 590.)

No. 15,162.

CITY OF NEW ORLEANS v. MACHECA.*

(April 11, 1904.)

INTOXICATING LIQUORS — SALE — PERMIT FROM CITY COUNCIL—CONSENT OF PROPERTY OWNERS—STATUTE—CONSTITUTIONALITY.

1. Section 21 of the city charter of 1896 (Acts 1896, p. 55, No. 45), providing that the council shall not grant any privilege for the opening of any barroom, saloon, etc., except on the petition of a majority of the bona fide householders or property holders within 300 feet of the proposed location, etc., was a constitutional exercise of a legislative power, and a city ordinance passed pursuant to said section is not illegal, as conferring arbitrary powers on the householders or property holders and on the city council to grant or refuse applications for the privilege in particular localities. See Black on Intoxicating Liquors, §§ 37, 45, 47; Ex parte Christensen, 24 Pac. 747, 85 Cal. 208; Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620.

Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from Recorder's Court of New Orleans; Fred. Deibel, Sr., Judge.

Charles Macheca was convicted of selling liquor without a license, and appeals. Affirmed.

Henry L. Garland, Jr., for appellant. Samuel Louis Gilmore, City Atty., and Henry Garland Dupré, Asst. City Atty., for appellee.

LAND, J. Defendant was charged with a violation of Ordinance No. 12,636, C. S., rela-

---

*Rehearing denied May 9, 1904.

tive to selling liquors without license and without permit of city council.

Defendant appeared, and pleaded that said ordinance and Ordinance No. 13,481, C. S., and section 15 of Act 131 of 1902, and 21 of Act No. 45, p. 55, of 1896, were illegal, and unconstitutional, null, and void, for various reasons; and, further, that he had complied with all lawful requirements by tendering the money for license and procuring the consent of the majority of householders or property holders within the radius fixed by law, but that his petition for a permit was arbitrarily refused by the city council.

Defendant pleaded not guilty, and was placed on trial. The court overruled the plea putting at issue the legality and constitutionality of said ordinances and sections of acts, found the defendant guilty as charged, and sentenced him to pay a fine of $10, and, in default of payment, to be imprisoned for a period of 30 days.

From this sentence defendant prosecutes this appeal.

Ordinance No. 12,636 provides that no one shall set up or establish any barroom, saloon, or place where liquors are sold at retail by the glass, to be then consumed, without the permission of the council, previously applied for in writing, the application to be accompanied by the written consent of a majority of the bona fide property holders within 300 feet of the proposed location, measured along the street fronts; that the petition of all applicants shall be accompanied by a certificate from the city engineer's office showing that a majority of said property holders have signed the petition; that said office shall charge a fee of $5 for each certificate so issued; and that any violation of the provisions of the ordinance shall be punished by fine not exceeding $25 or imprisonment not exceeding 30 days, or both. The ordinance lastly provides that all privileges issued thereafter shall be revocable at the pleasure of the council.

Ordinance No. 13,481 provided that no application for a barroom privilege shall be considered by the council unless accompanied by the treasurer's receipt showing that the applicant has deposited with said official the amount of the license due for such business at the date of the application.

Section 21 of Act No. 45, p. 55, of 1896, reads as follows, viz.:

"The council shall not grant any privilege for the opening of any bar-room, saloon, concert saloon or dance hall, except on the written consent of a majority of the bona fide householders or property holders within three hundred feet, measured along the street fronts, of the proposed location of such barroom, saloon, concert saloon or dance hall; and it shall revoke any privilege on the petition of a like number of such persons, any prior license or privilege to the contrary notwithstanding."

Act No. 131 of 1902 made no changes as to liquor licenses.

Act No. 221 of 1902, p. 451, is a local option law, inoperative until adopted by a majority of the legal voters of the parish, ward, city, or town to be affected.

We are dealing not only with a city ordinance, but a statute of the state, which expressly authorized its enactment.

It is well settled that a state may absolutely prohibit the manufacture and sale of intoxicating liquors within its borders either by statute or constitutional enactment. Black on Intoxicating Liquors, § 37.

Article 181 of the Constitution of 1898 reads as follows, viz.:

"The regulation of the sale of intoxicating liquors is declared a police regulation, and the General Assembly may enact laws regulating their sale and use."

This article was wholly unnecessary, as such regulation has always been considered as within the scope of the police power of the state. The article contains no grant of additional power, but is merely declaratory of the inherent police power of the commonwealth, to be exercised through the legislative department of the government; nor does this article restrict the power of the Legislature to prohibit the sale of intoxicating liquors.

This has been the uniform legislative interpretation as shown by the local option laws on the statute book, which are legislative enactments to take effect in a certain contingency. Black, supra, § 45.

It is a common provision in license laws that every application for a license to sell intoxicating liquors shall be recommended or assented to by a certain number or proportion of persons residing in the vicinage. Black, supra, § 47.

Defendant's objections are that section 21 of the city charter and the city ordinance in question are unconstitutional, null and void, because they make the issuance of licenses dependent on the arbitrary will and pleasure of the property holders and of the city council.

Similar objections were considered and overruled by the Supreme Court of the state of California in Ex parte Christensen, 85 Cal. 208, 24 Pac. 747.

The court said: "It is well settled that the governing power may prohibit the manufacture and traffic in liquor altogether, provided only it does not interfere with interstate commerce. And if the governing power can prohibit a thing altogether, it can impose such conditions upon its existence as it pleases."

This case was carried by writ of error to the Supreme Court of the United States, and the judgment was affirmed. See Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620.

In the opinion the court, through Justice Field, said:

"The police power of the state is fully competent to regulate the business—to mitigate its evils or to suppress it entirely."

"There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only. As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected. But that is a matter which does not affect the authority of the state; nor is it one which can be brought under the cognizance of the courts of the United States."

We are not prepared to hold that section 21 of the city charter of 1896 is unconstitutional, and, as the ordinance in question was passed pursuant to that section, it was a valid municipal enactment.

It is unnecessary to consider in detail the authorities cited by defendant's counsel as to the licensing of other kinds of business, such as laundries, dairies, markets, livery stables, etc. These are useful and necessary, while the retailing of intoxicating liquors by the glass, to be consumed on the premises, is recognized as a public evil.

Under the city charter and ordinance in question the council and property holders are vested with a legal discretion to restrict the issuing of licenses in certain localities, as may be deemed best in the public interest. This discretion, like all governmental powers, may be abused; but this is no reason for declaring the ordinance illegal or unconstitutional.

The initiative is left with a majority of the property holders, and they, in fact, control the situation as to the granting or refusal of licenses. Such majority has also the power to cause any license to be revoked.

We note the reference to the Mandeville Case, 35 South. 915,[1] recently decided by this court, and it is sufficient to say that the court held that the ordinance was illegal for want of the mayor's signature, and that the ordinance made a discrimination, which was not justified by any law or statute of the state. If defendant was entitled to a license, his remedy was by mandamus.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed; defendant and appellant to pay costs of appeal, reserving, however, his right to proceed by mandamus.

BREAUX, C. J., concurs in the decree. MONROE, J., dissents.