LAND, J.
Defendant was charged on affidavit in the first recorder’s court of the city of New Orleans with violating Ordinance No. 12,636, C. S., relative to setting up and establishing a barroom without a permit from- the city council.
The defendant demurred to the affidavit and charge on the ground that said ordinance is “unconstitutional, illegal, null and void, and in violation of articles 2 and 181 of the Constitution of the state of Louisiana, and that said ordinance is arbitrary, discriminatory, and unjust, and deprives appearer of liberty and property without the process of law.” This demurrer was overruled, and the case was tried and the defendant was found guilty and sentenced to pay a fine of $10, or, in default thereof, to serve 15 days in the parish prison.
Defendant.appealed to the Supreme Court and to the criminal district court.
The evidence adduced on the trial was reduced to writing and appears in the transcript, but is not annexed to any bill of exception. Hence this court cannot review the action of the court a qua on such evidence. See State v. Hagan, 45 La. Ann. 840, 12 South. 929; State v. Carr, 111 La. 716, 35 South. 839.
The only questions of law that this court *688 can properly consider on this appeal are such as are raised by the demurrer.
The ordinance was passed in September, 1896, and was expressly authorized by section 21 of the city charter (Act No. 45, p. 55, of 1896), which reads as follows;
“The council shall not grant any privileges for the opening of any bar-room, saloon, concert saloon <jr dance hall, except upon the written consent of a majority of the bona fide householders or property holders ■ within three hundred feet, measured along the street front, of the proposed location of such bar-room, saloon, concert saloon, or dance hall; and it shall revoke any privilege on the petition of a like number of such persons, any prior license or privilege to the contrary notwithstanding.”
The ordinance, in part, reads as follows:
“That hereafter it shall not be lawful for any one to set up or establish any bar-room, saloon, concert saloon, dance hall, beer house or place where liquor is sold at retail by the glass, to be then consumed, without permission of the city council previously applied for in writing, which shall be accompanied by the written consent of a majority of the bona fide property holders within three hundred feet, measured along the street fronts, of the proposed location of such bar-room, saloon, concert hall, dance hall, beer house or place where liquors are sold at retail by the glass,” etc.
The second section of the ordinance provides that such consent of the property holders shall be shown by the certificate of the city engineer; and the third authorizes a fee of $5 for each certificate.
The fourth section prescribes a penalty for any violation of the provisions of the ordinance, and the last section provides that all privileges hereafter issued under the ordinance shall be revocable at the pleasure of the council.
In City of New Orleans v. Macheca, 112 La. 559, 36 South. 590, this court held that section 21 of Act No. 45, p. 55, of 1896, was a constitutional exercise of a legislative power, and that City Ordinance No. 12,636, passed pursuant to that section, was not illegal as conferring arbitrary powers on the property holders and on the city council. The doctrine of that case is in accord with the recognized general jurisprudence on the same subject-matter, which has been enunciated as follows, viz.:
“It is ordinarily provided by the statutes that before an application for a license to sell intoxicating liquors shall be granted, the applicant must procure the consent or recommendation of a designated number of persons living in the vicinity of the place for which the license is sought; these persons usually being voters of the district, township, or ward in which the proposed saloon is to be located, or residents or taxpayers in such district, township, ward, or city block. The validity of these statutes has been frequently assailed on constitutional grounds, but they have been uniformly upheld as being a valid exercise of the police power-. They are not in violation of any clause of the fourteenth amendment. It has also been urged that provisions of this nature are unconstitutional as delegating legislative power to the classes of persons whose consent or recommendation must be obtained. This contention has likewise been held untenable.” 17 Am. & Eng. Ency. Law (2d Ed.) 209, 210.
Iu State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 South. 999, 67 L. R. A. 70, the relator alleged that he had complied with the provisions of the ordinance in question, and that the city council had arbitrarily refused to grant him a permit to open and conduct a barroom. Relator thereupon applied for a writ of mandamus, which was made peremptory, and the city appealed. The judgment was affirmed; two of the justices concurring on the ground that, under the statute, the discretion as to granting or withholding .permits was confided to the property holders.
It is apparent that the decree in that ease assumed the legality and constitutionality of the ordinance whiph it ordered to be enforced, and that the real point involved was as to the character of the discretion vested in the city council.
It is, however, argued in the case at bar that the ordinance discriminates in favor of persons conducting barrooms, saloons, etc., already established at the date of its adoption.
This argument denies to the Legislature the power to discriminate between persons already lawfully pursuing an occupation sub *690 ject to the police power and persons who may thereafter seek to engage in the same occupation. Such a contention, if admitted, would prevent the Legislature from requiring additional qualifications for persons desiring to engage in many callings and professions which cannot be carried on without a previous permit or license. A number of statutes in this state, requiring persons to procure a permit before engaging in certain pursuits, exempt those already actually so engaged. A cursory examination of our statutes shows that this exemption has been extended to physicians, pharmacists, and pilots. We are not aware that statutes of this kind have ever been declared void as denying the equal protection of the law. They recognize the distinction between persons actually engaged in certain callings from which they obtain a livelihood and in which they may have invested capital, and persons not so engaged. The two classes are not similarly situated; the one having rights already vested or at least recognized by law, and the other a mere hope or expectation of embarking in the same calling at a future day.
The main object of the legislation now under consideration was to put some restriction on the opening of saloons, barrooms, etc., in the residential sections of the city. It must be remembered that no person has a vested constitutional right to retail intoxicating liquors, and that the power of the lawmaker to prohibit or regulate such an occupation is practically unlimited. It has been held that the Legislature may confine the sale of intoxicating liquors to certain places, and may limit the number of licenses in any given locality. 17 Am. & Eng. Ency. Law (2d Ed.) 209.
In the case of Mandeville v. Band, 111 La. 806, 35 South. 915, this court held that an ordinance was void which prohibited the establishment of any more saloons within certain designated limits, leaving those already established therein in undisturbed operation. In the ease at bar any person can set up a saloon in any part of the city on complying with the provisions of the statute. The difference between prohibition and regulation is manifest. In the Garibaldi Case, 44 La. Ann. 809, 11 South. 36, this court held that the Legislature had not delegated to the city of New Orleans the power to delegate to property holders the right to control the establishment of private markets.
The city ordinance in question has been in operation for nearly 10 years, and has hitherto been held by this court to be constitutional, legal, and valid. To reverse our former decision, and to now hold that section 21 of the city charter of 1896 and the city ordinance passed pursuant to its warrant are null and void, would be, in our opinion, little short of a public calamity, as it would leave all sections of the city wide open to the intrusion of barrooms, concert saloons, dance halls, and beerhouses.
If relator has complied with the provisions of the ordinance, and the city council has arbitrarily refused him a permit, he has his remedy by mandamus, as pointed out in the Galle Case, cited, supra.
Judgment affirmed.
The CHIBE JUSTICE and PROVOSTY, J., concur in the decree.
See dissenting opinion of MONROE, J., 41 South. 35.