(42 South. 245.)

No. 16,152.

STATE ex rel. SMYTHE v. CITY OF NEW ORLEANS.

(Oct. 15, 1906. Rehearing Denied Nov. 12, 1906.)

1. INTOXICATING LIQUORS—SALOONS—PERMIT.

The charter of the city required an applicant who wished to open a barroom to obtain a majority of the signatures of the bona fide "property owners" and "householders" within a prescribed radius. Act No. 45, p. 55, 1896, § 21.

2. SAME—CONSENT OF PROPERTY OWNERS.

This section was amended, and now the council shall not grant any privilege for opening a barroom, except upon the written consent of a majority of the bone fide "property owners." Act No. 99, p. 224, of 1904.

3. STATUTES—REPEAL—EFFECT.

This issue was not presented in the prior suit. The relator asks for the privilege of opening a barroom at this time. The present statute controls, and not the repealed statute. Relator had acquired no right under the statute which has been repealed.

4. INTOXICATING LIQUORS—SALOONS—CONSENT OF PROPERTY OWNERS.

Act No. 99, p. 224, of 1904 is a remedial act, which can be enforced and is controlling. From that point of view, relator did not have the required number of signatures.

5. SAME.

Under the repealed statute the civil engineer of the city, whose duty it was to verify the number of signatures and their place of residence, found that the law, since repealed, had been complied with.

6. SAME.

Under the statute now in force it is evident that the relator's petition is not signed by a majority of the persons owning the property within the prescribed radius of 300 feet of the proposed barroom.

Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the state, on the relation of Charles Smythe, against the city of New Orleans. Judgment for defendant, and relator appeals. Affirmed.

Michael Dracos Dimibry, for appellant. Henry Garland Dupré, Asst. City Atty. (William McLellan Fayssoux, of counsel), for appellee.

BREAUX, C. J. This suit is a continuation of the judicial contest between plaintiff and defendant.

In the suit heretofore handed down (41 South. 33)[1] the defendant was found guilty of having violated a city ordinance making it illegal for any one to conduct a barroom without a permit from the city council.

In the first case, counsel for the defendant in the case (for relator here) in a brief stated that the sole question before the court was whether Ordinance 12,636, the same before us in this case, was legal.

This issue plaintiff in the original suit met by urging that the ordinance is constitutional, and that defendant should have asserted his right, if any he had, by a civil action.

In the decision in this first cause, the court reviewed and analyzed the different sections of the ordinance in question and reviewed decisions pertinent to the issues. The court, in its opinion, sustained the decree of the lower court.

In the second case, the case now before us for decision, other issues are presented. As relates to facts, the contention of the learned counsel is (and this is sustained by the testimony) that his client has a good reputation, that his client's saloon is orderly and well conducted, and that he has obtained a majority of the signatures of the householders in the prescribed radius.

Defendant's counsel denies that the relator has obtained a majority of the signatures of the property owners within 300 feet of the proposed barroom. He urges that defendant's right should be tested by the law in force at the date of the filing of legal proceedings.

Evidence was introduced by the parties in support of the first ground alleged, which evidence had not been introduced in the first case, to which we have before referred.

The charter of the city of New Orleans

[1] 116 La. 685.

originally required an applicant who wished to open a barroom to obtain a majority of the signatures of the bona fide "property owners" and "householders" within 300 feet of the barroom. Section 21, Act No. 45, p. 55, of 1896.

This section was amended in 1904. See Act No. 99, p. 224, of that year.

By the amendment the consent of the property owners is to be obtained, and nothing is said of "householders."

Plaintiff seeks to open his barroom at this time. He asks the council to grant him a permit. There is, or there should be, no question of a right acquired at a prior date; i. e., under the original charter of 1896. We are dealing with the present statute.

It is the duty of the civil engineer, in the service of the city, to find out whether the list presented by an applicant to open a barroom has the required number of signatures within the prescribed limit. This officer reported to the council in the year 1901 that there were within the legal limits of the proposed barroom 51 "householders and 2 owners of vacant lots, making a total of 53 householders." Of this number, 53, the petitioner, as per the engineer's report, had obtained the consent of 27 "householders," a majority of the 53. *It does not appear by the list that a majority of names of property owners was obtained.*

This certificate of the engineer is not conclusive and final. It may be shown that the number of signatures is insufficient at this time, because of the new statute. The evidence in this case showed beyond question that the relator had not secured the consent of the majority of the "property owners." Moreover, a number of the signers were only temporarily present. They were friends of the relator, who had lived within the prescribed limits only a sufficient length of time to help him in getting the license by signing his petition.

In view of the fact that the list did not contain the required number of "property owners," the council, under the existing statute, had the right to refuse to issue the permit.

The relator allowed five years to elapse before filing proceedings for a mandamus to compel the council to issue a permit. During these five years the Legislature has amended the law, and now the statute requires that it be signed by "property owners" alone. The law now in force must be held as binding. The repealed law has no application and should not be enforced. It cannot be legally enforced.

The plaintiff acquired no right under the laws which have been repealed.

The permit not having been previously issued, there is now no right in the petitioner to carry on business under a petition not having the required number of names.

The statute is remedial. The mode of proceeding may be changed. The change may have a retroactive effect, although in this case it cannot well be said that there is any retroactive effect because relator had never acquired the least right. His petition had not been granted. It remained in abeyance.

If an error was committed in 1901 by the town council of that date, the courts will not interfere to compel the present town council to do that which was asked of the town council of that date.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby affirmed.

LAND, J., takes no part, not having heard the argument.

MONROE, J. I do not think that either the city council or a majority of the property holders within 300 feet have any right, under the Constitution, to deny to the relator the right to keep a barroom in a neighbor-

hood where other persons possessing no better or other qualifications are permitted to engage in that calling.

I therefore respectfully dissent.