(55 South. 413.)

No. 18,414.

TOWN OF SLIDELL v. LEVY.

(May 22, 1911.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 110*)—ORDINANCES—VALIDITY.

An ordinance of a town council must be promulgated in the way directed in the law to have any effect. Section 33, Act No. 136 of 1898; Mayor of Breaux's Bridge v. Dupuis, 30 La. Ann. 1105; Town of Mandeville v. Band, 111 La. Ann. 806, 35 South. 915.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 239–244; Dec. Dig. § 110.*]

2. MUNICIPAL CORPORATIONS (§ 122*)—ORDINANCES—VALIDITY.

Where the fact is denied that a certain ordinance has been enacted by a town council, the fact can only be proved by the deliberations of the council, and their promulgation, duly attested.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 287–289; Dec. Dig. § 122.*]

Appeal from Mayor's Court of Slidell; Paul Gardere, Mayor.

Jacob Levy was convicted of violation of an ordinance of the Town of Slidell, and appeals. Reversed.

Joseph B. Lancaster, for appellant. E. Elmo Bollinger, for appellee.

SOMMERVILLE, J. Defendant appeals from conviction and sentence by the mayor for violation of an ordinance of the town of Slidell.

In a bill of exceptions taken to the ruling of the court on his motion to quash the affidavit against him, defendant sets up that the ordinance under which he was convicted and sentenced was illegal, for the reason, among others, that it had not been promulgated; to which the judge added that "the above bill of exceptions sets forth the facts correctly."

The town of Slidell is organized under Act No. 136 of the Acts of the General Assembly of Louisiana for the year 1898, the title of which is as follows: An act for the creation and government of municipal corporations throughout the state, and defining their powers and duties, and providing for the extention or contraction of their limits.

[1] And in section 33 of the act it is provided:

"All ordinances and allowances shall as soon as practicable, after they are passed, be published in some newspaper of the municipality, or, if there be no such newspaper, by posting at three or more public places within the corporate limits, for three weeks."

In the case of Town of Mandeville v. Band, 111 La. Ann. 806, 35 South. 915, we held that ordinances of a town had to be published in one of the ways provided for in the law; that publicity is of importance in the administration of public affairs. And in the case of Mayor of Breaux's Bridge v. Dupuis, 30 La. Ann. 1105, we said:

"Unless promulgated and preserved in the English language no law or ordinance, whether passed by the Legislature or a town council, can have any binding effect."

For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed, and the sentence is set aside.