McCALEB, Justice
(dissenting).
I adhere to the views expressed in my dissenting opinion in Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So.2d 248, 14 A.L.R.2d 680. Admittedly, plaintiff has no property right in engaging in the liquor business, which is a mere privilege, revocable at the will of the Legislature. Hence, this is not a proper case for the exertion of the equity powers of the Court.
Nor can I agree that R.S. 26:304 is unconstitutional in that it impinges upon the powers of the Court to issue all needful writs in aid of their respective jurisdictions. Title 26 of the Revised Statutes, which deals with the regulation of the traffic in intoxicating liquors, provides an adequate remedy to any person aggriev~ed by any decision of the Collector in withholding a permit to engage in the liquor business. R.S. 26:302 sets forth that a devolutive appeal may be taken to the district court having jurisdiction of the applicant’s or permittee’s place of business and, under our well-established jurisprudence, the aggrieved party may proceed by way of mandamus. State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70 and City of New Orleans v. Smythe, 116 La. 685, 41 So. 33. 6 L.R.A.,N.S., 722.
R.S. 26:74 prohibits the operation of a liquor business without a permit and R.S. 26:191 provides a penalty for violation of any of the provisions of Chapter 1 of the title by a fine of not less than $100 nor more than $500, or imprisonment for not less than 30 days nor more than 6 months. However, by virtue of the decision in this case, plaintiff is given a judicial license to conduct her business in violation of the specific provisions of law.
I respectfully dissent.