The dispositive issue on this appeal is whether Dothan City Ordinance No. 5503 is *Page 284 
an invalid, unconstitutional, arbitrary and unreasonable exercise of the police power of the City of Dothan because it purports to forbid the retail sale of whiskey, wine, liquor, malt or brewed beverages within 600 feet from any church building or church grounds, school buildings or school grounds, while containing a grandfather clause which permits those already licensed, and their successors, to make retail sales of such beverages within the prohibited distance and to continue to do so indefinitely. We hold the ordinance arbitrary and unreasonably discriminatory; therefore violative of Sections 1, 6 and 22 of the Constitution of Alabama of 1901.
James Harrison, d/b/a Harrison's Food Mart, appeals from a judgment denying the writ of mandamus to compel H.J. Buckhalt as Clerk of the City of Dothan to issue the appellant a license to sell beer for off-premises consumption. In his petition, Harrison alleged that even though he had been issued a license by the Alabama Alcoholic Beverage Control Board, Buckhalt and the City refused to issue him a city license because his place of business was less than 600 feet from a church; therefore prohibited by Dothan City Ordinance 5503, which reads:
 "No privilege license shall be issued for the retail sales of whiskey, wine, liquor, malt or brewed beverages or other alcoholic beverages where the place or establishment for which such license applied for is less than six hundred (600) feet from any church building or church grounds, school building or school grounds, public park or public playground; but this provision shall not apply to renewals of such license heretofore issued or to such license now in existence, nor shall this provision apply to the granting of such new licenses to qualified applicants at locations which were previously licensed; within the last twelve (12) months."
Harrison also complained that the City had on previous occasions, although prohibited by a prior ordinance, issued off-premises beer licenses to businesses located less than 600 feet distance from a church. He says that this makes enforcement of the present ordinance discriminatory and unconstitutional as to him. Since we hold the present ordinance unconstitutional, because of the structure of its "grandfather clause," there is no need to address this second issue.
The grandfather clause reads:
 "* * * but this provision shall not apply to renewals of such license heretofore issued or to such license now in existence, nor shall this provision apply to the granting of such new licenses to qualified applicants at locations which were previously licensed; within the last twelve (12) months."
It is apparent that not only would a licensee be permitted to renew in perpetuity, also any purchaser of the business of such licensee, if qualified to be licensed, would be licensed if application were made within the twelve month period during which his predecessor held an existing license.
This court has held it to be a reasonable and valid exercise of the police power of a city to prohibit the sale of beer within a reasonable distance from a school or church. USA Oil Corp. v.City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974) (within three city blocks of church and school); Capps v. Bozeman,272 Ala. 249, 130 So.2d 376 (1961) (within 1000 feet of church). See also Norwood v. Capps, 278 Ala. 218, 177 So.2d 324 (1965) (within 500 feet from any other place where beer is sold). However, exercise of this police power is not without limitation; e.g. the manner of enforcement of an ordinance of this type can be a denial of equal protection of the laws guaranteed by Sections 1, 6 and 22 of the Alabama Constitution. See City of Hueytown v.Jiffy Chek Company of Alabama, 342 So.2d 761 (Ala. 1977).
In this case the question is whether, because of the grandfather clause, there is an arbitrary and unconstitutional classification made which is not reasonably related to the intended purpose of the ordinance to be achieved through proper exercise of the *Page 285 
police powers and within the scope of such powers. We answer yes and hold the ordinance invalid. See generally, Piggly-Wiggly ofJacksonville v. Jacksonville, 336 So.2d 1078 (Ala. 1976) (number of employees of store held to be unreasonable basis for classification in light of purpose of Sunday Blue Law).
The crux of Harrison's contention regarding the constitutional invalidity of the grandfather clause is that it discriminates in favor of persons who have already obtained an off-premises beer license; therefore it discriminates against him and entitles him to a license. In brief, he asserts:
 "* * * The constitutional flaw in Ordinance 5503 is that its very purpose of keeping beer, wine and spirits away from schools and churches cannot be achieved; yet it discriminates invidiously against those who would sell beer while continuing to permit sales within 600 feet by those already doing so." (emphasis added)
He is correct in contending that the grandfather clause thwarts the purpose of the ordinance. The purpose, among others, of the ordinance is to prohibit the retail sale of alcoholic beverages within 600 feet of a church. But that purpose is frustrated by the grandfather clause that would never provide for termination of the sale of those prohibited beverages within the stated distance.
Regulation or prohibition of the sale of alcoholic beverages is unlike regulation of the conduct of other businesses or of the pursuit of a trade, vocation, or profession. Grandfather clauses regarding the latter have a different purpose. See e.g. §34-24-232 and § 34-28A-24, Code 1975 (regarding the practice of podiatry and that of speech pathology and audiology, respectively). In the latter situation the purpose of the statutes is to ensure that licensees are competent. Grandfather clauses in those statutes do not frustrate their purpose because those exempt from licensing requirements are presumed to be competent because of experience in the licensed activity. Watsonv. Maryland, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987 (1910). Assuming, arguendo, this presumption is not correct, the purpose of the statute is only temporarily thwarted because natural attrition will eventually terminate licensing of those benefiting from a grandfather clause.
In this case, however, the grandfather clause prevents the fulfillment of the purpose of the ordinance. In State ex rel.First Presbyterian Church of Miami v. Fuller, 136 Fla. 788,187 So. 148 (1939), and Town of Mandeville v. Band, 111 La. 806,35 So. 915 (1904), such provisions were held to be arbitrary, discriminatory and, therefore, invalid. In those cases in which similar grandfather clauses have been upheld, the statute or ordinance, provides for the ultimate elimination of the sale of alcoholic beverages in the prohibited area. See e.g. Eckert v.Jacobs, 142 S.W.2d 374, 378 (Tex.Civ.App. 1940); Commonwealth v.Petri, 122 Ky. 20, 90 S.W. 987, 989 (1906).
What is the effect of the invalidity of the grandfather clause? Of necessity, the entire ordinance must fall. This is owing to the general rule that when an exception or exemption is held invalid, and there is no severability provision in the enactment (of the legislature or city governing body), then such enactment is void in its entirety. Were it otherwise the scope of the enactment would be widened beyond the intent of the enacting authority. City of Mobile v. Salter, 287 Ala. 660, 255 So.2d 5
(1971); Barron-Leggett Electric, Inc. v. Department of Revenue,336 So.2d 1124 (Ala.Civ.App. 1976), cert. den. 336 So.2d 1128
(Ala. 1976); Sutherland Statutory Construction, § 44.13, Vol. 2, pp. 359-360, 4th Ed. (1973). On the other hand, if the ordinance here under consideration contained a severability clause it would permit severance of the invalid grandfather clause and allow the valid prohibitory remainder to stand. See Comer v. City ofMobile, 337 So.2d 742 (Ala. 1976). *Page 286 
For the reasons stated, we hold Ordinance No. 5503 of the City of Dothan discriminatory, arbitrary, unreasonable, and therefore a denial of equal protection of the laws guaranteed by Sections 1, 6 and 22 of the Constitution of Alabama of 1901.
The action of the trial court in dismissing the petition of Harrison for writ of mandamus to compel issuance of a license to him under the provisions of the ordinance, as applied to others, being in error, the judgment below is due to be, and is hereby, reversed.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ. concur.
BLOODWORTH and MADDOX, JJ., concur specially.
TORBERT, C.J., dissents.