I respectfully dissent from the opinion of the majority and would agree with my brother Beatty in that part of his dissent wherein he would hold that immunity from suit granted to co-employees under the provisions of Code 1975, § 25-5-11, is a violation of the equal protection clause, Amendment Fourteen to the Constitution of the United States. I would further hold that such immunity violates the equal protection of the laws provisions of the Constitution of Alabama found in Sections 1, 6 and 22. See generally Harrison v. Buckhalt, 364 So.2d 283
(Ala. 1978).
I vehemently disagree with the statement in my brother Beatty's dissent that the rationale of the majority in Grantham
was erroneous. In my judgment, the rationale is entirely sound and amply supported by reason and the authorities cited in that opinion. In my view, additional support of the rationale inGrantham may be found in the equal protection clause of the Fourteenth Amendment to the United States Constitution and the equal protection of the laws provisions of the Alabama Constitution.
In my bother Beatty's present view, which obviously differs from the belief he entertained when concurring in Grantham, he would approve the right of the Legislature to abolish causes of action. He cites as examples of that right the constitutionality of our motor vehicle guest statute, Code 1975, § 32-1-2, when tested against § 13 of the Alabama Constitution, as well as the abolition of actions for alienation of affections, criminal conversation, seduction of females of 21 years and over, and for breach of promise to marry. That is not inconsistent with the rationale of Grantham. *Page 951 
In each instance, both with regard to the constitutionality of the guest statute, and abolition of the causes of action enumerated, there was the overriding police power consideration to eradicate a perceived social evil. In Grantham, the majority pointed this out regarding the guest statute.
FAULKNER, J., concurs.