JONES, Justice.
This appeal challenges the constitutionality of Tuscaloosa Ordinance No. 1773 which requires a permit to engage in commercial enterprise or to erect a structure at Lake Tuscaloosa, The City owns the lake and lands immediately adjoining the shoreline. Appellant Bingham leases a parcel of shoreline property from the City on which he currently operates a grocery store. The primary function of the lake is to provide the domestic and industrial water supply to the City and to its inhabitants. Recreational usage such as boating, fishing, and swimming is also permitted. The Ordinance by its terms operates prospectively only.
Bingham’s application for a permit to build a boat dock, launch area, and gasoline pumping station to service boats operating on the lake was denied after a public hearing. The gist of Bingham’s argument is that he is denied equal protection of the law because the City forbids him from doing the very thing others are doing under the grandfather feature of the Ordinance.
The City, on the other hand, says the Ordinance and its denial of Bingham’s application thereunder is lawful (i. e., not unconstitutional) because it has the right to regulate the use of its own property, and that the City has a right and obligation to protect the health and safety of its citizens by limiting the number of gasoline pumping stations (and thus limiting the boat traffic) on the lake.
Bingham’s argument is a persuasive one:
“Our argument in the instant case is based on the classification created by Subsection (f) of the Ordinance which reads: ‘This ordinance shall not apply to commercial structures constructed under permit from the City and in operation prior to the 18th day of April, 1974.’ While we recognize that there is no constitutional proscription against State treatment of classes of persons in different ways, the different treatment must be rational in order to avoid proscription under the Federal Constitution. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). The Ordinance was enacted, by the City’s own admission, to protect the health and safety of the citizens of the City of Tuscaloosa. The Ordinance operated only prospectively. It would appear to be totally irrational to allow an ordinance which is based upon health and safety to operate only prospectively leaving existing hazards unaffected. A case directly on point is Standard Oil Company v. City of Gadsden, et al., 263 F.Supp. 502 (1967). In that case Judge Grooms stated at page 507:
“ ‘An ordinance attempted to be justified as a safety regulation which operates only prospectively leaving existing hazards unaffected, creates an arbitrary classification and cannot be allowed to stand.’
“Quoted in the above case is Standard Oil Company of New Jersey v. City of Charlottesville, 42 F.2d 88 (4th Cir. 1930). In that case the Court stated that:
“ ‘A classification manifestly has no such reasonable relation where it forbids one person to carry on the same business on the grounds that it is dangerous to the community, and allows another person similarly situated to carry on the same business simply be *544 cause he happens to be engaged in it at the time of the passage of the ordinance. ... So far as the public safety is concerned, it can make no possible difference that the business was being carried on at the time of the passage of the ordinance.’
“It would seem that this case is directly on point and should bear considerable weight on the Court’s decision in the present case. The Alabama Supreme Court appears to be in agreement as evidenced by Swann v. City of Graysville, et al., 367 So.2d 952 (Ala.1979). In that case, the Court reviewed an ordinance which prohibited issuance of new licenses to sell alcoholic beverages within five hundred feet of any church, school, schoolground, public park or public playground, but allowed businesses already in existence and within five hundred feet of such places to renew or obtain reissuances of their licenses to sell alcoholic beverages. The Court struck down the ordinance stating that it infringed upon the applicant’s right to equal protection of the law. The Court there stated that although the ordinance was a proper exercise of the City’s power that power could not be exercised in an arbitrary or discriminatory manner.”
The fallacy of this argument becomes apparent, however, when taken to its logical conclusion. According to its implicit premise, only two courses of action are open to the City: Either
1) Eliminate the “grandfather” clause from the Ordinance; or
2) Decline any regulatory action.
Surely, no citation of authority is necessary to demonstrate the constitutional invalidity, on general due process grounds, of any regulatory scheme enacted by the City that fails to recognize vested rights of prior interest holders. Thus, a “grandfather” clause is essential to the constitutional validity of the Ordinance here challenged. Nor do we believe it can be seriously contended that the City is totally without authority to regulate the nature and extent of marine activity' on its public lake.
The question, then, is whether the legislatively imposed conditions and restrictions are rationally related to the purpose of the Ordinance. We think they are. While clearly there is a point beyond which the quality and quantity of marine traffic on the lake will exceed health and safety standards, it is an erroneous assumption that the “grandfather” clause leaves “existing hazards unaffected.” Consequently, the City is legally vested with authority to establish and maintain safety and health standards with respect both to the .public recreational use of the lake and to the primary use of its water for domestic consumption. This authority includes, of course, regulation of the commercial activities of those operators “grandfathered” in.
We hasten to add that our holding is not to be construed as agreeing with the City’s primary contention that' its Ordinance is beyond equal protection scrutiny because of its ownership of the property involved. We hold simply that the Ordinance on its face does not create an arbitrary, prospective classification; that the record before us does not disclose an arbitrary or discriminatory application of the challenged Ordinance; nor was Appellant denied due process of law.
AFFIRMED.
All the Justices concur, except BLOOD-WORTH, J., not sitting.