This appeal is a revisit of Swann v. City of Graysville,367 So.2d 952 (Ala. 1979) (Swann I), with two exceptions:
1) The first Mrs. Swann died and her husband remarried. The second Mrs. Swann obtained a general business license in her name but continued for a short time to operate under the first Mrs. Swann's beer license. The ABC Board then informed her that, because the first Mrs. Swann's license had expired upon her death, she (the second Mrs. Swann) would have to obtain a beer license from the City of Graysville in her own name.
2) After the death of the first Mrs. Swann and before the second Mrs. Swann's application for a retail "off premises" beer and wine license, the City amended Ordinance 322 to read, in part, as follows:
 "Except that any licensee who has been issued a current, valid license as of April 2, 1979, for the current year, for the sale of intoxicating beverages, malt or brewed, for wine or liquor shall not be prohibited from the sale thereof under said license at said location by virtue of the passage of this ordinance as long as said licensee operates under said license, or the renewal thereof, issued by the said City of Graysville; provided, however, this exception shall apply to the sole licensee within said five hundred (500) feet who was a licensee on April 2, 1979." (We emphasize the pertinent language added by the amendment.)
On the basis of the new ordinance, the City rejected her application, claiming the language, "this exception shall apply to the sole licensee," renders this ordinance "decisively distinct" from the ordinance in Harrison v. Buckhalt,364 So.2d 283 (Ala. 1978). The trial Court disagreed and issued a writ of mandamus to compel the City to grant Mrs. Swann's application. We affirm.
We will not burden the literature with a repetition of the principle set forth in Swann I and the authorities relied upon therein. Suffice it to say that "[p]ermitting those licensed at the time [the ordinance] was adopted to continue to sell . . . beer and wine, [and] at the same time refusing Mrs. Swann a license, in the mistaken belief that it was required to both permit those already licensed to continue such sales as well as to renew their licenses, were the operative facts of denial of equal protection to Mrs. Swann." Swann v. City of Graysville,367 So.2d 952, 954 (Ala. 1979).
The City contends, however, that the problem inherent generally in "grandfather" clauses of this nature has been cured here by the "tightening up" effect of its amendment which limits the renewal of an existing license to one "who was a licensee on April 2, 1979." According to the City, this establishes a determinable event — the licensee's death or his ceasing to do business — which eventually will terminate all licensed activities within the proscribed zone.
The fallacy of this argument lies in the very nature of a license to sell intoxicating liquors. There being "no vested or inherent right to sell or otherwise traffic in intoxicating liquors" (Quillan, Municipal Corporations, 3rd Ed., Vol. 6, § 24.172, p. 737), the license expires of its own volition upon the licensee's death or upon his ceasing to do business. Thus, the language of the amendment adds nothing. This not to say, of course, that the amended ordinance could not have continued all current licenses in effect for the duration of their stated terms or for a reasonable specified time.
Here, as in Harrison, the "grandfather" clause thwarts the purpose of the ordinance by permitting the very activity which it proscribes; thus, its resultant arbitrary classification denied Mrs. Swann equal protection in violation of §§ 1, 6, and 22 of our State Constitution. Harrison v. Buckhalt,364 So.2d 283 (Ala. 1978).
AFFIRMED.
FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX and SHORES, JJ., dissent.