In Harrison v. Buckhalt, 364 So.2d 283 (Ala. 1978), a "grandfather clause" was held *Page 542 
to be unconstitutional because ". . . [t]he purpose, among others of the ordinance . . . to prohibit the retail sale of alcoholic beverages within 600 feet of a church . . . [was] frustrated by the grandfather clause that would never provide for termination of the sale of those prohibited beverages within the stated distance." Today, the Court invalidates a "grandfather clause," which, as a matter of law, has a termination date, i.e., the death of the licensee, or thenon-renewal of the license by the city governing body, whichever is sooner.
The majority opines: "This is not to say, of course, that the amended ordinance could not have continued all current licenses in effect for the duration of their stated terms."
The implication of this language, if not the holding, is that a grandfather clause cannot permit licensees to operate within the proscribed zone except "for the duration of their stated terms." Harrison is certainly not as limiting. In Harrison, the Court said:
 ". . . In those cases in which similar grandfather clauses have been upheld, the statute or ordinance, provides for the ultimate elimination of the sale of alcoholic beverages in the prohibited area. See e.g. Eckert v. Jacobs, 142 S.W.2d 374, 378 (Tex.Civ.App. 1940); Commonwealth v. Petri, 122 Ky. 20, 90 S.W. 987, 989 (1906)."
The clear implication of this statement in Harrison is that a "grandfather clause" which provides for "the ultimate elimination of the sale of alcoholic beverages in the prohibited area" would pass constitutional muster. Under theHarrison rationale, the Graysville ordinance is certainly constitutional.
The decision today is especially troubling in view of the recent case from this Court involving a Tuscaloosa city ordinance regulating permits to operate a marina on Lake Tuscaloosa. There, speaking through Mr. Justice Jones, the author of this opinion, the Court opined:
 "Bingham's application for a permit to build a boat dock, launch area, and gasoline pumping station to service boats operating on the lake was denied after a public hearing. The gist of Bingham's argument is that he is denied equal protection of the law because the City forbids him from doing the very thing others are doing under the grandfather feature of the Ordinance.
 "The City, on the other hand, says the Ordinance and its denial of Bingham's application thereunder is lawful (i.e., not unconstitutional) because it has the right to regulate the use of its own property, and that the City has a right and obligation to protect the health and safety of its citizens by limiting the number of gasoline pumping stations (and thus limiting the boat traffic) on the lake.
"Bingham's argument is a persuasive one:
 "`Our argument in the instant case is based on the classification created by Subsection (f) of the Ordinance which reads: "This ordinance shall not apply to commercial structures constructed under permit from the City and in operation prior to the 18th day of April 1974." While we recognize that there is no constitutional proscription against State treatment of classes of persons in different ways, the different treatment must be rational in order to avoid proscription under the Federal Constitution. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). The Ordinance was enacted, by the City's own admission, to protect the health and safety of the citizens of the City of Tuscaloosa. The Ordinance operated only prospectively. It would appear to be totally irrational to allow an ordinance which is based upon health and safety to operate only prospectively leaving existing hazards unaffected. A case directly on point is Standard Oil Company v. City of Gadsden, et al., 263 F. Supp. 502 (D.C. 1967). In that case Judge Grooms stated at page 507:
 `"An ordinance attempted to be justified as a safety regulation which operates only prospectively leaving existing *Page 543 
hazards unaffected, creates an arbitrary classification and cannot be allowed to stand."
 `Quoted in the above case is Standard Oil Company of New Jersey v. City of Charlottesville, 42 F.2d 88
(4th Cir. 1930). In that case the Court stated that:
 `"A classification manifestly has no such reasonable relation where it forbids one person to carry on the same business on the grounds that it is dangerous to the community, and allows another person similarly situated to carry on the same business simply because he happens to be engaged in it at the time of the passage of the ordinance. . . . So far as the public safety is concerned, it can make no possible difference that the business was being carried on at the time of the passage of the ordinance."
 `It would seem that this case is directly on point and should bear considerable weight on the Court's decision in the present case. The Alabama Supreme Court appears to be in agreement as evidenced by Swann v. City of Graysville, et al., 367 So.2d 952
(Ala. 1979). In that case, the Court reviewed an ordinance which prohibited issuance of new licenses to sell alcoholic beverages within five hundred feet of any church, school, schoolground, public park or public playground, but allowed businesses already in existence and within five hundred feet of such places to renew or obtain reissuances of their licenses to sell alcoholic beverages. The Court struck down the ordinance stating that it infringed upon the applicant's right to equal protection of the law. The Court there stated that although the ordinance was a proper exercise of the City's power that power could not be exercised in an arbitrary or discriminatory manner.'
 "The fallacy of this argument becomes apparent, however, when taken to its logical conclusion. According to its implicit premise, only two courses of action are open to the City: Either
 1) Eliminate the `grandfather' clause from the Ordinance; or
2) Decline any regulatory action.
 "Surely, no citation of authority is necessary to demonstrate the constitutional invalidity, on general due process grounds, of any regulatory scheme enacted by the City that fails to recognize vested rights of prior interest holders. Thus, a `grandfather' clause is essential to the constitutional validity of the Ordinance here challenged. Nor do we believe it can be seriously contended that the City is totally without authority to regulate the nature and extent of marine activity on its public lake.
 "The question, then, is whether the legislatively imposed conditions and restrictions are rationally related to the purpose of the Ordinance. We think they are. While clearly there is a point beyond which the quality and quantity of marine traffic on the lake will exceed health and safety standards, it is an erroneous assumption that the `grandfather' clause leaves `existing hazards unaffected.' Consequently, the City is legally vested with authority to establish and maintain safety and health standards with respect both to the public recreational use of the lake and to the primary use of its water for domestic consumption. This authority includes, of course, regulation of the commercial activities of those operators `grandfathered' in."
Bingham v. City of Tuscaloosa, 383 So.2d 542 (Ala. 1980).
I can see no difference between a city's right, acting pursuant to its police power, to allow a person to continue a marina while prohibiting others from doing so, as in Bingham, and permitting a sole licensee to be "grandfathered" in, as is true here. Of course, a city, acting under the guise of regulation, cannot effect an unlawful discrimination, but there is no evidence of any purposeful discrimination on the part of the City presented in this case.
Additionally, states have broad power to regulate the traffic in intoxicating liquors.
It is well settled that, pursuant to the provisions of the Twenty-first Amendment *Page 544 
to the United States Constitution, the states are given broad regulatory powers over the possession, sale and distribution of intoxicants within their territories. Joseph E. Seagram Sons,Inc. v. Hostetter, 384 U.S. 35, 86 S.Ct. 1254, 16 L.Ed.2d 336
(1966); United States v. Frankfort Distilleries, Inc.,324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 951 (1945). These powers enable the states, to protect the welfare of their citizens, to prohibit or restrict absolutely the importation or distribution of intoxicating liquors. The United States Supreme Court has held that these powers are not limited by the Equal Protection Clause of the Fourteenth Amendment, insofar as any state regulation discriminates, in general, against actions or persons involved in liquor traffic. California v. LaRue,409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); Ziffrin, Inc. v.Reeves, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939). Because the State has such broad powers in regulating intoxicating liquors, I feel that this is an additional reason why no equal protection problem is posed in this case.
TORBERT, C.J., and SHORES, J., concur.