O’NIELL, J.
Appellant was prosecuted and convicted for having ' sold intoxicating liquor without having a parochial or municipal license.
.The prosecution was under and by virtue of Act 66 of 1902 (page 93), denouncing as a misdemeanor the keeping of a grogshop or tippling shop, or the retailing of spirituous or intoxicating liquors, without having obtained a license from the parochial or municipal authorities.
Before pleading to the indictment, defendant filed a plea to the jurisdiction and a motion to quash the indictment. The plea to the jurisdiction and the motion to quash were both overruled. They were based upon the contention that the Act 66 of 1902 was superseded, and, in effect, repealed by the Eighteenth Article of Amendment of the Constitution of the United States and the act of Congress known as the Volstead Law (41 Stat. 80S), bearing the short title “National Prohibition Act.”
The first section of the Eighteenth Article of Amendment prohibits the sale of intoxicating liquors for beverage purposes; and the second section declares that the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation.
Act 66 of 1902, by prohibiting the selling of intoxicating liquors without a license, implies the right of any and every person to obtain the license. Such a law, if enacted subsequent to the adoption of the Eighteenth Amendment, would not be “appropriate legislation.” It would be absolutely violative of the amendment. The statute is altogether inconsistent with the constitutional amendment, and is therefore without effect.
It is ordered, adjudged, and decreed that the indictment and verdict and sentence be, and they are hereby annulled, and that the defendant be released from custody.
DAWKINS, J., dissents.