(89 South. 884)

No. 24690.

## CITY OF LAKE CHARLES v. ROSE.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Intoxicating liquors ⊂⊐ 10(2), 13, 132—Municipal ordinance for suppressing blind tiger is not rendered void by national prohibition amendment or act.

A city ordinance providing for the suppression of a blind tiger, or place for the unlawful sale of intoxicating liquor, as a nuisance, is properly within the police power, and is not affected by Const. U. S. amend. 18, the National Prohibition Act, Act No. 66 of 1902, or Act No. 8 of the Extra Session of 1915.

Appeal from City Court of Lake Charles; W. C. Braden, Judge.

Joe Rose was convicted of operating a blind tiger in violation of a municipal ordinance, and from the verdict and sentence he appeals. Affirmed.

Robert R. Stone, of Lake Charles (Thos. Arthur Edwards, of Lake Charles, of counsel), for appellant.

A. O. King, of Lake Charles, for appellee.

O'NIELL, J. Appellant was convicted of the offense of operating a blind tiger in violation of a municipal ordinance. The only question presented is whether the ordinance was superseded and, in effect, repealed by the Eighteenth Amendment of the Constitution of the United States and by the National Prohibition Act (41 Stat. 305). In City of Shreveport v. Marx, 148 La. 31, 86 South. 602, it was decided that the state statute (Act No. 8 of the Extra Session of 1915), prohibiting the operating of blind tigers, and a municipal ordinance on the same subject, were not affected by the Eighteenth Amendment or by the National Prohibition Act. Appellant's counsel contends that the decision in the Marx Case, was, in effect, overruled by the decision in State v. Green, 148 La. 376, 86 South. 919, maintaining that the Act No. 66 of 1902, denouncing the selling of intoxicating liquor without a local license, was nullified by the Eighteenth Amendment and the National Prohibition Act. The reason for the ruling in that case was that the statute was not consistent with the Eighteenth Amendment and therefore not "appropriate legislation." The offense denounced by Act 66 of 1902 was the swindling of the parish or municipal government by conducting the liquor business without a local license. If the ordinance now under consideration merely prohibited the operation of a blind tiger without a license, it would be as absurd and as inconsistent with national prohibition as was Act 66 of 1902; and so would any state statute or municipal ordinance be absurd and unconstitutional that would undertake to denounce as an offense the violation of any specified provision of the federal Constitution without having a local license to violate it. Such a law or ordinance would be as absurd and inconsistent with the federal Constitution as would a law or ordinance that would undertake to denounce the commission of robbery, burglary, or murder, without a local license to commit robbery, burglary, or murder, be not consistent with our idea of civilization. But a blind tiger is a nuisance; it is so declared in the ordinance under consideration; and the Eighteenth Amendment and the National Prohibition Act have not deprived the states or municipalities of their police power to suppress the blind tigers as a local nuisance.

The verdict and sentence appealed from are affirmed.

DAWKINS, OVERTON, and LAND, JJ., concur in the decree.