(90 South. 751)

No. 24978.

## STATE v. BOUDREAUX.

(Jan. 2, 1922.    Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors ⬡13—Blind tiger act held applicable throughout the state by virtue of national Prohibition Amendment.**

   Act No. 8 of 1915 (Ex. Sess.) prohibiting the keeping of a blind tiger in territory where the sale of intoxicating liquors is prohibited, *held* to apply throughout the state by virtue of the national Prohibition Amendment to the United States Constitution, whether the parish where the blind tiger was operated was, prior to such amendment, wet or dry territory.

2. **Indictment and information ⬡121(5)—Indictment held not defective by reason of district attorney's bill of particulars in prosecution for keeping blind tiger.**

   In a prosecution for keeping a blind tiger, where the district attorney furnished the bill of particulars that the offense consisted of the keeping of a place where intoxicating liquors were kept for sale, *held*, that the indictment was not subject to a motion to quash on the ground that the district attorney could not elect as to what particular act the grand jury had in mind in returning the indictment.

   Monroe, C. J., and Baker, J., dissenting.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; H. M. Wallis, Jr., Judge.

Benny Boudreaux was indicted for keeping a blind tiger, and he moved to quash the indictment.    Motion to quash overruled, and defendant appealed.    Reversed, and case remanded.

A. V. Coco, Atty. Gen., and J. A. O. Coignet, Dist. Atty., of Thibodaux (T. S. Walms-ley, of New Orleans, of counsel), for the State.

Harris Gagne, of Houma, for appellee.

LAND, J.    The defendant was indicted for keeping a "blind tiger" in the parish of Terrebonne on the 23d day of July, 1921, contrary to form of the statute of the state of Louisiana, Act 8 of the Acts of the General Assembly of the Extra Session of the year 1915.

Defendant requested a bill of particulars, and in the bill of particulars furnished, the district attorney says:

"That the keeping of a blind tiger, as charged in the indictment herein, consisted of the keeping of a place by the accused where intoxicating liquors were kept for sale, on the date set forth in the indictment; said place being situated in the city of Houma at No. —— street, in the parish of Terrebonne, the said parish being a subdivision of the state of Louisiana where the sale of spirituous, malt, or intoxicating liquor was on said date prohibited by the Eighteenth Amendment of the Constitution of the United States, the said parish of Terrebonne never having been a dry parish by state or parochial authority."

The defendant then filed a motion to quash the indictment in this case:

"First, because the district attorney has no right to elect which offense named under Act 8 of the Legislature of 1915, Ex. Sess., the grand jury had in mind when the indictment herein was returned by it; second, because Act 8 of the Acts of 1915, Ex. Sess., has no effect in the state of Louisiana, except in those subdivisions of the state where the sale of spirituous, malt, or intoxicating liquors is prohibited by statute of the state of Louisiana."

Counsel for defendant contends in his brief that Act 8 of 1915, Ex. Sess., p. 15, is operative only in those subdivisions of the state where spirituous, malt, or intoxicating liquors are kept for sale in violation of the state statute. In other words, counsel for defendant argues that, notwithstanding the adoption of the Eighteenth Amendment to the federal Constitution, Act 8 of 1915, Ex. Sess., applies only to those parishes in the state which were dry prior to the adoption

of said amendment, and not to the parishes which were wet at the date of its adoption, and that, as Terrebonne parish is not a subdivision of the state where the sale of liquor is prohibited by state statute or parochial ordinance, Act 8 of 1915, Ex. Sess., does not apply to that parish.

Act No. 8 of 1915, Ex. Sess., is entitled:

" 'An act to define and prohibit the keeping of a "blind tiger"; to provide for the search of same and for the seizure and destruction of any spirituous, malt, or intoxicating liquor found therein; to provide for punishment of any violators of this act.'

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that a 'blind tiger' is hereby defined to be any place in those *subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited,* where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away; or any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors *is prohibited,* where such spirituous, malt or intoxicating liquors are kept for sale, barter, exchange or habitual giving away in connection with any business conducted at such place." (Italics ours.)

The penalty denounced in section 4 of said act for keeping a "blind tiger" is a fine of not less than $200 nor more than $500, and imprisonment for not less than 30 days nor more than 6 months, and, in default of payment of the fine, imprisonment for not more than 6 months additional.

It is to be observed that section 1 of the "blind tiger" act does not declare, "That a 'blind tiger' is hereby defined to be any place in those subdivisions of the state where the sale of spirituous, malt, or intoxicating liquors is prohibited by state statute, or by parochial authority;" but said section declares, "That a 'blind tiger' is hereby defined to be any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited," etc., clearly meaning prohibited by. law, whether state or federal, parochial or municipal.

Prior to the adoption of the federal amendment, the question whether the sale of intoxicating liquors should be permitted or prohibited in any of the subdivisions of the state was a question which was left to a majority of the legal voters of any parish, ward, town, or village, to be determined by ballot at a special election called for that purpose by the local authorities. R. S. §§ 1211, 2461. There was no such thing in this state at that date as statutory prohibition, or prohibition by state statute, in any of the subdivisions of the state. If a parish, ward, city, town, or village became wet or dry, it was the result of a local option election, and not of special legislative enactment.

In the dry parishes Act 66 of 1902 prohibited the keeping of a grog or tippling shop, or *retailing spirituous or intoxicating liquors* without previously obtaining a license from the police jury, etc.; and in wet parishes retailers of spirituous, alcoholic, vinous, or malt liquors, and the conductors of barrooms, grogshops, etc., were compelled to take out a license for such business by Act 176 of 1908.

[1] Act 66 of 1902, after the passage of Act 176 of 1908, was wholly inoperative, until the parish or other subdivision had prohibited by vote the retail of intoxicating liquors within its limits. As each parish entered the dry list this act applied automatically. The provisions of Act 66 of 1902 were not being enlarged by this process, but the territory subject to the act was being thereby extended. This is precisely what occurred as to the operation of Act 8 of 1915, Ex. Sess., when the Eighteenth Amendment was adopted. The whole state, every parish included, swung into the dry column. This did not change a single provision in said act, but merely made it operative in a wider field, just as it would have been had each of the wet parishes in the state voted dry prior to the adoption of the Eighteenth Amendment.

Should we adopt the views of the able

counsel for the defense in this case, we would have an anomalous situation in the state. Notwithstanding that the entire territory of the state had become dry as the effect of the Eighteenth Amendment, yet we would have many parishes in the state not affected by the "blind tiger" act of 1915, and in these parishes this act would be a dead letter. We would have federal prohibition to be enforced solely by the Volstead Act (41 St. 305) in some of the parishes of the state, and state prohibition to be enforced by both the Volstead Act and the state statute in the other parishes of the state, as they stood prior to the adoption of the Eighteenth Amendment. This would produce a chaotic condition in the enforcement of the prohibition laws within the borders of the state, and would hamper the suppression of the "blind tiger" in every parish in the state which had been wet before the adoption of the federal amendment.

Act No. 8 of 1915 does not pretend to fix the limit of the territory in which prohibition shall prevail in the state, but merely declares that its provisions shall become operative within the subdivisions of the state in which the sale of intoxicating liquor is prohibited otherwise by law. It is purely an enforcement statute in prohibition districts in the state, after such districts have been established by competent authority, and was clearly intended to be coextensive in its operation with such districts. The members of the General Assembly of 1915 were well aware of the fact that at that date a state statute prohibiting the manufacture and sale of intoxicating liquors would have been valid. Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205. They were also cognizant of the general agitation prevailing throughout the Union for the adoption of an amendment to the federal Constitution prohibiting the manufacture and sale of intoxicating liquors in the United States, and

therefore they wisely refrained from limiting the method by which prohibition should be established in the subdivisions of the state to state statute or to parochial or municipal ordinance; the sole purpose in view being the suppression of the "blind tiger" as a public nuisance, inimical to the public health, morals, and safety in prohibition territory, regardless of the authority establishing such territory.

This court has decided that Act No. 8 of the Extra Session of 1915, commonly known as the "blind tiger" act, although in force when the Eighteenth Amendment to the federal Constitution and the Volstead Act became effective, was not repealed or suspended by such amendment or act of Congress. City of Shreveport v. Marx, 148 La. 31, 86 South. 602.

The provisions of said act therefore have not been enlarged or changed in any respect by the Eighteenth Amendment or the Volstead Act; the effect of the federal amendment being merely to extend the territory in this state to which said act applies, leaving the provisions of said act intact.

[2] The first ground on which the motion to quash is based has not been mentioned in brief of counsel for defendant, and we presume that it has been abandoned. However, we find that it is without merit. The indictment charges the defendant in general terms with keeping a "blind tiger" contrary to Act 8 of 1915 Ex. Sess. Defendant applied for and obtained a bill of particulars, in which it is stated by the district attorney that the violation of the statute consisted of the keeping of a place by the accused where intoxicating liquors were kept for sale on the date set forth in the indictment. Defendant then moved to quash the indictment, "because the district attorney has no right to elect which offense named under Act 8 of the Legislature of 1915 Ex. Sess. the grand jury had in mind when the indictment herein was re-

turned by it." The district attorney evidently knew upon what testimony the grand jury had acted, or otherwise he could not have furnished the information contained in the bill of particulars, nor could the grand jury have intended any charge other than that based upon the evidence before it. If the only evidence before the grand jury consisted of proof that the defendant kept a place for the sale of intoxicating liquors, then the indictment is necessarily based upon such a state of facts, and there is no election to be made by the district attorney. He is restricted to such proof on the trial of the case, as the effect of the bill of particulars is to limit the prosecution to the state of facts contained therein. The bill of particulars does not state that the defendant kept a place "for the sale, barter, or exchange or the habitual giving away of spirituous, malt, or intoxicating liquors," and the objection that the district attorney cannot elect as to what particular act the grand jury had in mind is a mere assumption, without proof, that the evidence before the grand jury showed that the defendant had violated the "blind tiger" act in more ways than one, or in a different manner than that detailed in the bill of particulars.

The motion to quash is therefore overruled, and it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that this case be remanded to the lower court to be proceeded with in due course and according to law.

MONROE, C. J., and BAKER, J., dissent.

O'NIELL, J., concurs in the result, and hands down a separate opinion.

O'NIELL, J. (concurring). Although I do not concur in all that is said in the opinion submitted in this case, particularly with regard to Act 66 of 1902, I concur in the result, because of the precise language of section 1 of Act 8 of 1915, defining a blind tiger. The definition is:

"Any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, exchange or habitual giving away."

According to the statute, therefore, any place or subdivision where the sale of intoxicating liquors is prohibited, in this state, is an abiding place for blind tigers. It matters not whether the prohibition against the selling of the liquors was brought about by municipal or parochial ordinance, or by state or federal statute.

When the statute of 1915 was enacted, prohibition was not state-wide, but prevailed in some of the parishes, wards and municipalities, by virtue of parochial or municipal ordinances enacted pursuant to the local option law. The Legislature had, by sections 1211 and 2778 of the Revised Statutes, as amended by Act 76 of 1884 and by Act 221 of 1902, delegated to the police jury of each and every parish, and to the municipal council of each and every city, town and village, the authority to adopt local prohibition by a majority vote of the electors of the parish or municipality. When the statute of 1915 had gone into effect, before the advent of national prohibition, any proprietor of an establishment where intoxicating liquors were kept for sale, barter or exchange or habitual giving away, in prohibition territory, was guilty of keeping a blind tiger, whether the prohibition was by parochial or by municipal ordinance. There were also many local or special statutes establishing prohibition within prescribed zones around specified schoolhouses. And there was, while the government was engaged in war, a dry zone, having a radius of 25 miles, around Camp Beauregard. See Act 20 of 1918. There was also a statute prohibiting the sale of intoxicating liquors within 300 feet from each and every church and each and every school where children

were taught. See section 8 of Act 176 of 1908. The state was going dry gradually, and in spots; and the arm of the law was stretching into new territory, to lay her hand upon the blind tiger. If the whole state had gone dry, either by one state statute or by a series of local laws and parochial and municipal ordinances, the state would have become, what the whole country is now, a vast hunting ground for blind tigers. The reason why it made no difference then whether the dry territory had been made such by state statute or by parochial or municipal ordinance is that the statute of 1915 makes no such distinction; and, by the same token, it makes no difference now that all of the dry territory has been made such by the National Prohibition Act (41 Stat. 305). Blind tigers are outlawed, as a nuisance and a menace to the inhabitants of prohibition territory, not by virtue of the law or ordinance that has made the territory dry, but by virtue of the statute of 1915.

My opinion is that, if we should hold that the statute of 1915 is not in effect where prohibition did not prevail before the Eighteenth Amendment and the National Prohibition Act came into effect, we would be constrained to say that the statute of 1915 was entirely superseded and nullified by the Eighteenth Amendment and the National Prohibition Act; because prohibition throughout the state, to-day, prevails, not by virtue of any of our local laws or ordinances, but by virtue of the Eighteenth Amendment and the National Prohibition Act, which have superseded all of the local statutes and parochial and municipal ordinances that had already established prohibition in prescribed zones or spots.

We have thrice decided that the act of 1915, denouncing blind tigers, was not superseded or repealed by the Eighteenth Amendment or the National Prohibition Act, in those parts of the state where prohibition prevailed before the adoption of the Eight-

eenth Amendment. See City of Shreveport v. Marx, 148 La. 31, 86 South. 602; City of Lake Charles v. Joe Rose, 149 La. 647, 89 South. 884; and State v. Fannie Edwards (No. 25,005) 92 South. ——.[1] We have also decided that the state law denouncing the selling of intoxicating liquors without a parochial or municipal license, Act 66 of 1902, was superseded and nullified by the Eighteenth Amendment and the National Prohibition Act. State v. Green, 148 La. 376, 86 South. 919, and State v. Vidrine, 148 La. 378, 86 South. 920. Those decisions were based upon the language of the second paragraph of the Eighteenth Amendment, reserving to the Congress and to the several states "concurrent power to enforce this article by appropriate legislation." A majority of the members of this court thought that a statute that would make it unlawful for a person to violate a provision of the federal Constitution without having obtained a local license to violate it would be, not appropriate, but altogether incongruous legislation. The Legislature has since taken the same view of the matter and has acted upon it. In the final and repealing clause (being section 10) of the Act 39 of 1921 (page 45), which is the "appropriate legislation" that was enacted pursuant to the second paragraph of the Eighteenth Amendment, it is declared that the statute does not repeal any part of Act 8 of 1915, "commonly called 'the blind tiger act,'" or any part of Act 14 of 1916, "commonly called the 'near beer act,'" but that all other laws or parts of laws in conflict with the provisions of the Act 39 of 1921 are thereby repealed: It is quite certain that the Legislature did not intend that Act 39 of 1921, enacted to enforce prohibition all over the state, should prevail only in those parts of the state which were wet until national prohibition came into effect, and that the two statutes which were expressly re-

---

[1] 152 La. ——.

tained in force, Act 8 of 1915 and Act 14 of 1916, should prevail only in the territory that was dry before national prohibition came into effect.