DAWKINS, J.
Defendant was charged in a bill of indictment with possessing “spirituous liquor illegally acquired an'd for beverage purposes,” was convicted, and prosecutes this appeal.
No brief has been filed on behalf of appellant, but we shall take the questions up in the order in which they' appear in the record.
The first matter is an exception to the overruling of a motion to quash the indictment, upon the following grounds, to wit;
1. That Act 39 of 1921, known as the Hood Bill, conflicts with the Volstead Act (41 Stat. 305).
We are not informed in what respect the two statutes conflict. On the contrary, we held in City of Shreveport v. Archie Marx, 148 La. 31, 86 South. 602, that both Congress and the several states having concurrent power under the Eighteenth Amendment to the federal Constitution to carry it into effect, only such legislation, by the states, as would have the effect of defeating prohibition could be said to conflict with federal legislation; and there is nothing in the Hood Bill which we have been able to find opposed to prohibition.
 2. That Act 39 of 1921 attempts to adopt federal legislation as a part of its definition of intoxicants.
As was held in the case of State v. Coco (La.) 92 South. 883,[1] in so far as the Hood Bill declares whisky, alcohol, etc., to be intoxicants, the act itself furnishes all the definition necessary, and there is no necessity for resort to federal legislation. It is true that the bill in this case describes the liquor charged to have been illegally possessed as spirituous; but • spirituous liquors are universally held to be intoxicating, although all intoxicating liquors are not spirituous.
Therefore the bill did charge the possession of intoxicating liquors; and, if accused needed more information as to its nature, *793 this could have been had by calling for a bill of particulars. See State v. Coco, supra.
The per curiam tells us that the liquor was shown to have been whisky.
3. That the bill does not sufficiently charge the defendant with any crime defined by the act. We are not enlightened as to what is meant by this, but if it pertains to the matter discussed in heading 2 of the motion to quash, it has been covered by what we have said above.
4. That the bill charges the possession of spirituous liquor—
“whereas there is no legal definition of ‘liquor’ in said act, and further that it does not charge any minimum or maximum per cent, thereof as defined by the Volstead Act.”
The first part of this objection has already been covered above, and as to the percentage (of alcohol) it was sufficient to charge that it was intoxicating, which, as we have said, was done when it was described as spirituous, since spirituous liquor is held to be intoxicating.
The next bill of exception was to a question as to who made the affidavit for the search warrant under which the liquor was found. The court tells us that the state showed the affidavit to have been lost, and this proof was admitted as the best secondary evidence to show the existence of the affidavit by which the search was made; further, that the accused afterwards took the stand and admitted possessing the liquor as charged in the bill. There was no error.
The next two bills deal with questions and answers with regard to the search for the liquor, in that there was no proper showing of a search warrant, and are covered by what is said with respect to bill last above considered.
The last bill was reserved to the refusal of the trial court to allow further time for preparing a motion in arrest of judgment, after the motion for a new trial was overruled.
The per curiam informs us that accused was tried and convicted on May 15th, and that counsel asked for “a reasonable time before sentence in which to prepare motion for new trial,” etc., and that sentence was deferred until Saturday following, which gave counsel five days in which to act; that motion hour is held from 9 to 10 o’clock each morning; that the motion for a new trial was filed “some time” before the day fixed for sentence, and, when it was heard and overruled on that day, and counsel for the state asked to have accused called for sentence, counsel for defendant then asked for further time within which to prepare a motion in arrest. The court advises us further that he had specifically informed counsel that accused would be called for sentence on Saturday the 20th, and that he was preparing to adjourn court and go home (the judge residing in an adjoining parish) as soon as matters fixed for the day were disposed of. Further that he was convinced the Request was not made in good faith; that counsel for the state insisted upon sentence, and that nothing new was suggested by counsel that he could or would set up.
In these circumstances, we do not find that the court exceeded the power or abused the legal discretion vested in it in such matters.
Finding no error, the judgment and sentence appealed from are affirmed.
O’NIELL, J., being absent from the state, takes no part in the decision of this case.

 Ante, p. 241.