(106 So. 654)

No. 27424.

## CITY OF LAFAYETTE v. DEEP.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors ⬤➞11—City held author-
ized to prohibit and penalize sales of intoxi-
cating liquor.**

City incorporated by Act No. 310 of 1914,
specially empowered to exercise all legislative
powers pertaining to proper government and to
suppress nuisances, *held* authorized to adopt or-
dinance prohibiting and penalizing sales of in-
toxicating liquor, though penalties imposed were
in excess of those fixed in Hood Bill (Act No.
39, Ex. Sess. of 1921).

2. **Intoxicating liquors ⬤➞10(3)—City has in-
herent power without specific grant to sup-
press sale of liquor.**

City under its inherent police power, and
without specific grant of authority, may sup-
press sale of intoxicating liquor within its lim-
its, which power is not abrogated by Hood Bill
(Act No. 39, Ex. Sess. of 1921), or National
Prohibition Act (U. S. Comp. St. Ann. Supp.
1923, § 10138¼ et seq.).

Appeal from City Court of Lafayette;
A. M. Martin, Judge.

Abraham Deep was convicted of selling in-
toxicating liquor in violation of ordinance of
City of Lafayette, and he appeals. Affirmed.

John L. Kennedy, of Lafayette, and Waldo
H. Dugas, for appellant.

George P. Lessley, of Lafayette, for ap-
pellee.

THOMPSON, J. The defendant appeals
from a sentence to pay a fine of $100 and in
default of payment of the fine to be im-
prisoned for 30 days, for selling intoxicating
liquor for beverage purposes within the limits
of the city of Lafayette.

The prosecution was had under Ordinance
No. 120, as amended by Ordinance No. 121,
adopted by the board of trustees of said city
in 1923.

The ordinances in all substantial respects,
except as to penalties, conform to the provi-
sions of Act 39 of 1921, known as the Hood
Bill.

The penalty imposed by the original ordi-
nance for selling intoxicating liquor was a
fine of not less than $100 nor more than
$500, or imprisonment for not less than 60
days, for the first offense.

By the amended ordinance the fine was
made not less than $99 nor more than $100,
and imprisonment for not less than 30 days.

It will be seen that the fine imposed on the
defendant is the maximum provided in the
amendatory ordinance, but the term of im-
prisonment was only in the alternative.

Before pleading to the charge, the defend-
ant filed a motion to quash on the grounds:
(1) That the charter of the city of Lafayette
confers no power upon the city to legislate
concerning the subject-matter; (2) that the
Ordinance No. 120 was illegal, in that section
4 undertakes to penalize the acts denounced
thereby by assessing greater fines and longer
terms of imprisonment than the charter of
the city authorizes for violation of its ordi-
nances; (3) that Ordinance No. 121, amenda-
tory of Ordinance No. 120, is illegal, because
it undertakes to amend an ordinance which
itself is null and void; and (4) that Ordi-
nance No. 121 is null and void, because the
minimum punishment provided is in excess of
that imposed by Act 39 of Ex. Sess. 1921.

[1] The overruling of the motion to quash
is made the basis for this appeal, but the
only question discussed in brief of defend-
ant's counsel is as to whether the city of La-
fayette is authorized by its charter to enact
the ordinance making it a misdemeanor to
sell intoxicating liquor for beverage purposes
within the limits of said city.

The city of Lafayette was incorporated by
Act 310 of the Legislature of 1914.

The charter provides that the board of
trustees of said city shall consist of the three
trustees to be elected under the charter, who,

8

in addition to the other powers granted by the charter, shall be vested with all the legislative powers of the city not otherwise provided in the charter.

The charter specially authorizes the said board of trustees to adopt all ordinances that may be deemed proper to regulate and preserve the peace and good order of the city, to pass by-laws and ordinances in regard to disorderly conduct and nuisances generally, or anything relating to the good government of the city, and impose such fines and penalties for a breach of the by-laws and ordinances and of the public peace as it may deem proper, the fine not to exceed $100, and the term of imprisonment not to exceed 30 days.

It is very clear, under the terms of the charter as above indicated, the city of Lafayette was empowered to exercise all the legislative powers pertaining to the proper government of the city and to enact all ordinances deemed necessary to preserve the peace and good order of the city and to suppress nuisances generally.

At the time the city was incorporated, the sale of intoxicating liquor was permitted by the state under a license duly obtained from the proper local authorities.

The privilege of selling intoxicating liquor was not prohibited and could not be prohibited by the city except on a vote of the electors thereof.

Since the charter was adopted, the people of the United States and of this state, through their proper representatives, have prohibited the sale of intoxicating liquors for beverage purposes, thereby declaring in no uncertain terms that the sale of such liquors, except as specially permitted, is a public nuisance. The ordinances under consideration are therefore well within the power specially granted to the city of Lafayette to prohibit nuisances generally and to preserve the peace, good order, and public morals.

[2] Moreover, there was no necessity for special and particular legislative grant to enable the city to pass the ordinances in question, since it had the authority under its inherent police power to suppress the sale of intoxicating liquors within its limits. This power was not abrogated or curtailed by the national prohibition law nor by the Hood Bill.

The reason the city of Lafayette could not declare the sale of liquors a nuisance and pass ordinances to suppress it prior to the Eighteenth Amendment, and the laws enacted pursuant thereto, was because of the fact as already stated that the state permitted such sale and the city could not prohibit that which the state licensed and permitted, except in the manner pointed out by the statutes—on a vote of the electors.

That reason no longer exists and the municipalities, in the exercise of their police power, may prohibit that which the nation and state has prohibited.

A quite similar question was presented in City of Lake Charles v. Rose, 149 La. 647, 89 So. 884, where the defendant was convicted for running a blind tiger under a city ordinance providing for the suppression of a blind tiger, or place for the unlawful sale of intoxicating liquor, as a nuisance.

There was no special authority to the city of Lake Charles to pass such an ordinance conferred by the Act No. 8 of Ex. Sess. 1915 which prohibited the operation of a blind tiger, but this court held that the ordinance was within the police power of the city and that the city had not been deprived of that power by the Eighteenth Amendment and the National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

There is certainly nothing in the Hood Bill which assumes, directly or indirectly, to withhold from municipalities, in the exercise of their police power, the right to prohibit the sale of intoxicating liquors for beverage

purposes and to provide for penalties against such violations.

We have considered the other questions raised in the motion to quash, though, as already said, they are not discussed in defendant's brief.

The penalty provided in the amendatory ordinance is within the limits prescribed by the city's charter and the penalty imposed on the defendant does not exceed that limit.

For the reasons assigned, the decision of the lower court overruling the motion to quash is affirmed.