153 So. 675

## STANDARD OIL CO. OF LOUISIANA v. JOY et al.

### No. 32642.

Feb. 26, 1934.

T. M. Milling, F. L. Hargrove, and A. M. Curtis, all of New Orleans, for plaintiff.

Francis P. Burns, of New Orleans, for respondents.

OVERTON, Justice.

Defendants are the owners of an oil filling station at the corner of Canal and Claiborne streets in the city of New Orleans, which they leased to the Liberty Oil Company for a term of ten years, commencing March 1, 1924. On June 28, 1929, the Liberty Oil Company assigned this lease to the plaintiff herein. The lease contains the following provision, to wit:

"As a further consideration, the lessees covenant and agree to, and with the lessors, and their assigns, that they, the lessees, will pay all federal, state, parish, city, drainage and other taxes or assessments that may be lawfully levied by any taxing authority against the property herein leased. * * * "

Canal street, some two years after the granting of the lease, during the period in which the Liberty Oil Company was the. lessee, was repaved, and later improved and beautified. Local assessments were levied against the property leased, by the city.

These assessments were paid, though under protest, by the Liberty Oil Company, while it retained the lease, and after it had assigned the lease, by plaintiff, though also under protest.

This suit was brought to recover the local assessments paid by plaintiff, as having been paid by it in error, they being due by the defendants, the owners of the land, by whom, it is urged, they are justly due. The Liberty Oil Company instituted a similar suit against defendants to recover the local assessments paid by it.

An exception of no cause of action was filed in each case in the trial court. The exception was sustained in both cases, and, on appeal to the Court of Appeal, was affirmed in each, first, upon the original hearing, 147 So. 375, 377, and then upon rehearing, 150 So. 440, 443, though for entirely different reasons. The Liberty Oil Company case is not before us.

The decision of the case depends upon the interpretation of the clause from the lease quoted above. If it be held that the clause means that the lessee or its assignee has assumed, by the terms of the clause, the local assessments levied by the taxing authority, namely the city of New Orleans, against the property, then plaintiff has no right to recover, for it then paid what was due by it; but if it be held otherwise, then plaintiff has a right to recover, and the judgment should be reversed.

The Court of Appeal, on the rehearing, held that: "Such a clause [referring to that quoted supra] cannot be construed otherwise than as

placing upon the tenant the duty of making payments of special paving charges."

■ Based upon equitable considerations, the rule is that lessees are not called upon to pay such burdens on the property leased as local assessments, unless there be a provision in the lease clearly showing that the parties intended that the lessee should pay them. In fact, article 2702 of the Civil Code provides that such charges shall be paid by the lessor, unless there be a stipulation in the lease to the contrary.

■ We think there is a stipulation in the lease showing that the lessee assumed such a burden as local or special assessments. We think that the word "assessments," taken in connection with the rest of the clause, shows that what is meant by the word is "local or special assessments" and not governmental taxes. These are provided for clearly in the preceding part of the clause, and the parties to the contract would hardly have used so inappropriate a word as "assessments" following the word "taxes," to make clearer, as it were, what they had already made as clear as words could accomplish. Their intention was to broaden what they had already said by adding another kind of charge against property, namely, local assessments, which otherwise would not have been included. The word "taxes" is not synonymous with the word "assessments," although the word "or" is used between them. They are words of different meaning.

In Milligan v. Darlington Lumber Co., 145 Ill. App. 518, it was said: "By the terms of the lease here involved the lessee agreed to

pay all taxes and assessments. * * * The use of both words in the lease clearly indicates that it was within the contemplation of the parties that the lessee should pay all charges which might be imposed upon the premises for either of the purposes indicated." Walker v. Whittemore, 112 Mass. 187, is another case holding to the same effect. Other cases might be cited, but we deem it unnecessary to cite more.

The clause under consideration describes the taxes and assessments which the tenant must pay as being such as "may be lawfully levied by any taxing authority." The assessments were levied by the city of New Orleans, and it is urged that, in levying local assessments, the city does not act, in a proper sense, as a taxing authority. This contention fails to impress us. Municipalities, of which it is needless to say the city of New Orleans is one, with the consent of the Legislature, are permitted by section 13 of article 10 of the Constitution of 1921 to levy and collect local or special assessments on real property for the purpose of paving, surfacing, or otherwise improving streets and sidewalks, and section 44 of Act No. 105 of 1921 (Ex. Sess.) grants to the commission council of New Orleans this power. In levying the assessments the council was acting as a taxing authority.

In our view, plaintiff bound itself clearly to pay the assessments, and therefore cannot recover from defendants.

The judgment under review is affirmed.

ST. PAUL, J., absent.