ROGERS, Justice.
 

 The defendant, A. J. McDonald, appeals from his conviction and sentence for operating a “Blind Tiger” within five miles of the Logansport High School, in the town of Logansport, De Soto parish, where the sale of intoxicating liquor is prohibited by law. The date of the alleged offense was January 26, 1934.
 

 Defendant contends that the statutes on which his prosecution is based have been superseded by subsequent legislation, both federal and state, and, as a consequence, the indictment against him charges no offense known to the laws of the state.
 

 Act No. 8 of 1915, Ex. Sess., defines and prohibits the keeping of a “Blind Tiger.” Act No. 73 of 1896 prohibits the sale of intoxicating liquor within five miles of the Logansport High School. Act No. 8 of 1915, Ex. Sess., was invoked by the state in this case to enforce the legislative -prohibition within the area surrounding the high school.
 

 The Eighteenth Amendment to the Federal Constitution became effective on January 16, 1920. In the second section of the amendment Congress and the several states were vested with concurrent power to enforce the article by appropriate legislation. Act No. 39 of 1921, Ex. Sess., was enacted by the Legislature for the purpose of enforcing the Eighteenth Amendment in this state. That act operated as the state-wide prohibition statute until it was repealed by Act No. 1 of 1933, Ex. Sess., following the repeal of the Eighteenth Amendment by the adoption of the Twenty-First Amendment, which became effective on December 5, 1933.
 

 Under the express provisions of the tenth section of Act No. 39 of 1921, Ex. Sess., that statute did not repeal Act No. 8 of 1915, Ex. Sess., prohibiting the keeping of a blind tiger. State v. Anding, 152 La. 259, 92 So. 889. Nor did Act No. 39 of 1921, Ex. Sess., repeal Act No. 73 of. 1896, prohibiting the sale of intoxicating liquor within five miles of the Logansport High School. State v. McDonald, this day decided, 181 La. 547, 160 So. 75.
 

 And Act No. 8 of 1915, Ex. Sess., was not superseded by the Eighteenth Amendment to the Federal Constitution or by the National Prohibition Act (27 USCA § 1 et seq.). City of Shreveport v. Marx, 148 La. 31, 86 So. 602; City of Lake Charles v. Rose, 149 La. 647, 89 So. 884; State v. Boudreaux, 150 La. 435, 90 So. 751; State v. Rodgers, 152 La. 790, 94 So. 397. And.it is also-clear that Act No. 73 of 1898, prohibiting the sale of intoxicating liquor within five miles of the Logansport High School, was not invalid as conflicting with the Federal Legislation, as under the Eighteenth Amendment only legislation having the effect of defeating prohibition could be said to conflict with the federal legislation. City of Shreveport v. Marx; State v. Rodgers.
 

 Our views in this case are not opposed to those which we expressed in State v. Carter, 179 La. 156, 153 So. 676. That case in
 
 *554
 
 volved the enforcement of Act No. 221 of 1902, “The Local Option La.;w,” by a prosecution instituted under Act No. 8 of 1915, Ex. Sess., “The Blind Tiger Law.” All that we held in the case was that the “Blind Tiger Law,” while not repealed by Act No. 39 of 1921, Ex. Sess., “The Hood Bill,” was not effective for the purpose of. enforcing local option prohibition, because the “Local Option Law” had been superseded by the “Hood Bill.” On this point we said at page 161 of the opinion in 179 La., 153 So. 676, 678:
 

 “There can be no serious doubt but that, with the enactment of ‘The Hood Bill,’ ‘The Local Option Law’ passed out of existence, as a statute in conflict with the provisions of the general law on the subject, since the right to referendum, in the matter of the sale or the prohibition of the sale of intoxicating liquors, is not only incompatible with, but absolutely destructive of, the plain, fundamental purpose of ‘The Hood Bill,’ to maintain uniform state-wide prohibition, as an enforcement measure of the Eighteenth Amendment, which had already established prohibition, nation-wide in its extent.”
 

 As we have hereinabove shown, there was no conflict between the provisions of Act No. 73 of 1896 and the provisions of the “Hood Act” and the federal legislation. The “Blind Tiger Act,” as we remarked in State v. Carter, at page 163 of 179 La., 153 So. 676, 679, “by its own terms, and by the repeated decisions of this court, applied to prohibition territory only.” And there can be no serious question that the five-mile area surrounding the Logansport High School in which the sale of intoxicating liquor is prohibited has been prohibition territory ever since the adoption of Act No. 73 of 1896.
 

 When we said in State v. Carter that no prohibition territory “existed within the limits of .this state” after the repeal of the Eighteenth Amendment, the National Prohibition Act, and the “Hood Bill,” we overlooked the special statutes prohibiting the sale of intoxicating liquor within certain prescribed distances of a number of churches and schools throughout the state.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.