164 So. 257

**TOWN OF MELVILLE v. POLOTZOLA.**

No. 33621.

Nov. 4, 1935.

W. C. Perrault and Alfred M. Guilbeau, both of Opelousas, for relator.

L. L. Perrault, of Opelousas, for respondent.

BRUNOT, Justice.

On December 21, 1933, the town of Melville, through its proper officers, adopted an ordinance regulating the possession and sale, in said town, of liquors containing more than 3.2 per cent. of alcohol by volume. The ordinance, among other things, requires the retail dealer in such liquors to first obtain a license from the proper officer of the town, before engaging in said business, and it fixes the sum to be paid for said license at $500 per annum. The Eighteenth Amendment of the Federal Constitution, which repealed all statutes of the state, and its political subdivisions, licensing the sale of intoxicating liquors (State v. Green, 148 La. 376, 86 So. 919), was repealed on December 5, 1933. The state of Louisiana did not authorize the licensing of the traffic in liquor in this state until the passage of Act No. 15 of 1934, which act was approved by the Governor of the state on July 12, 1934.

The defendant was charged with violating the ordinance of the town of Melville, mentioned supra. He was tried upon that charge before the mayor of Melville. His trial resulted in his conviction and sentence to pay a fine of $100. The case was appealed to the district court, where, under the law, it was tried de novo. In that court the defendant pleaded the unconstitutionality of the ordinance. The plea was overruled, and the trial which followed resulted in an affirmance of the judgment and sentence appealed from. Proper notice was promptly given, and defendant applied to this court for writs of certiorari and prohibition. A certiorari, coupled with an order upon the district judge and the town of Melville to show cause why the relief prayed for by the relator should not be granted, was

issued and made returnable on October 8, 1935.

The situation presented to this court is unusual because the record has not been sent up and the judge has not filed a return herein, but the case is submitted merely upon the briefs of counsel for the relator and the town of Melville. We will say here that this is one of two cases which are identical, as to the issues involved, and are so treated in the briefs filed by opposing counsel. On·page 3 of respondent town of Melville's brief, counsel says:

"It is well settled by repeated adjudications of this Court that remedial writs will not issue in cases where the applicant therefor has his remedy by appeal. * * * Therefore, the relators, by the simple procedure of properly raising the question in the Mayor's Court, would have had the unquestionable right to an appeal direct to this Court. Instead, they prosecuted their appeal to the District Court, and not until their cases were called on their own appeal did they raise the issue which they bring before this court."

It is not seriously contended that the ordinance of the town of Melville, which is under attack herein, is constitutional. Therefore, considering that the judgment of the district court, in this case, is final, and that it would be a thwarting of justice to punish a defendant who had violated no law, merely because he had mistaken, or neglected to assert a right, to which he was entitled, in the court of first instance, is, in our opinion, a striking justification of the supervisory powers which are conferred upon this court by the Constitution of the state.

For these reasons, the writ of certiorari issued in this case is maintained; the verdict, judgment; and sentence complained of herein are annulled; and the town of Melville, its mayor, officers, and agents, are prohibited from executing said verdict, judgment and sentence.

ROGERS, J., dissents.