LAND, Justice.
 

 This is a mandamus proceeding on behalf of Mrs. Diana LaFleur Chachere to compel the City of Baton Rouge, through its building inspector, William H. Booth, to issue a building permit authorizing relatrix to construct a brick commercial building to be used for operating a grocery store and a drug store, on three lots owned by relatrix, and located in Ward One of the Parish of East Baton Rouge, and in that subdivision of the City of Baton Rouge, known as addition to Suburb Hundred Oaks.
 

 The building inspector refused to issue to relatrix the building permit desired, for the reason that relatrix’s property is within an area which is zoned for a residential district.
 

 Relatrix attacked the zoning ordinance relied upon by respondents, the building inspector and the City of Baton Rouge, as null and void on the ground that it was not enacted in compliance with the provisions of Act 240 of 1926.
 

 In the agreed statement of facts in the record, it is admitted that the Commission Council of the City of Baton Rouge adopted a zoning ordinance on November 12, 1936; that, under the terms of the zoning ordinance, the area where relatrix’s property is located is zoned against commercial buildings; and that only residential buildings can be erected on said property. It is also admitted that the zoning ordinance in question was not adopted by the Commission Council of the City of Baton Rouge in conformity with the provisions of Act 240 of 1926. No public hearing was held on the proposed ordinance and no notice of the hearing was published for thirty (30) days previous thereto, as required by Section 4 of Act 240 of 1926.
 

 It is further admitted that the disputed ordinance was passed by the Commission Council of the City of Baton Rouge on November 12, 1936, in “due course” as provided by Section 21 of its charter (Section 21 of Act No. 169 of 1898). Publication of the ordinance was made in the State Times, the official journal for the City of Baton Rouge, on the 13th day of November, 1936, in the exact style and language as it appears in the photostatic copy thereof which is attached to and made a part of the statement of facts. No other publication of the ordinance has been'made.
 

 After considering the case first on respondents’ exception of no cause of action, and then on the merits — the agreed statement of facts — the trial court ordered the alternative writ of mandamus made peremptory, commanding the respondents to issue the permit to relatrix. The zoning ordinance was declared void because: first, no public hearing was held on the proposed ordinance; and, second, no notice of the hearing was published for thirty (30) days previous thereto, as required by Section 4 of Act 240 of 1926.
 

 A suspensive appeal was taken by respondents to this court.
 

 
 *601
 
 Act 17 of 1924, amending Section 20 of Act No. 169 of 1898, the Charter of the City of Baton Rouge, empowers the Council to pass ordinances “to zone the city, create residential, commercial and industrial districts and prohibit the establishment of places of business in residential districts.”
 

 Act 17 of 1924, amending Section 20 of Act 169 of 1898, the Charter of the City of Baton Rouge, does not provide any special procedure for the passage of “zoning ordinances.”
 

 The provisions relating to the adoption of ordinances by the Council are found in Section 21 of the City Charter and are as follows: “Section 21. The Council shall hold regular monthly meetings, the day and hour to be fixed by the Council; sessions shall be public and the proceedings duly recorded and published in the official journal of the city. All ordinances or resolutions passed in due course by the Council shall, after such publication, have the force of law.” .
 

 Respondents claim that the
 
 right
 
 to zone is found in Act 17 of 1924, while the
 
 method
 
 of putting it into effect is found in Section 21 of Act 169 of 1898; that all ordinances subsequent to the incorporation of the City of Baton Rouge in 1898 have been adopted pursuant to Section 21; and that, in adopting the ordinance here attacked, this section was fully complied with.
 

 Respondents further contend that Act 240 of 1926, here invoked by relator, is a general statute and did not have the effect of changing or repealing' the aforesaid provision of the city charter, which is a special statute; that a subsequent general law is to be regarded as changing, amending or repealing a prior special law only where there is some specific reference in the general law to the special law.
 

 On the other hand, relatrix contends correctly that it has been held by the Supreme Court that a zoning ordinance enacted without complying with Section 4 of Act 240 of 1926 is null and void, citing the case of State ex rel. Holcombe v. City of Lake Charles et al., 175 La. 803, 144 So. 502, as applicable to the case at bar.
 

 Relatrix also cites the case of Connell v. Commission Council of the City of Baton Rouge et al., 153 La. 788, 96 So. 657. In the Connell case, the Supreme Court used this language at page 796 of 153 La., at page 659 of 96 So.: “ ‘Whilst it is settled that repeals by implication are not favored, it is equally well settled that, in determining whether one law conflicts with another, it is necessary to consider the purposes of both, and if it appears that the purpose of the law last enacted is to cover the whole subjectTmatter dealt with, and to modify or supersede those previously enacted, then the modification or supersession results, and must be declared. Sutherland on Statutory Construction, § 153; Id., § 154; Sedgwick on Construction of Laws, p. 105; King v. Cornell, 106 U.S. 395 [1 S.Ct. 312, 27 L. Ed. 60].’ ”
 

 Act 240 of 1926 is a general municipal zoning statute and covers the whole subject matter. In order to determine the
 
 *603
 
 legislative intent of this general law, the three following pertinent sections are cited: “Section 10. Whenever any municipality pursuant to an act of the legislature of this state shall have adopted an ordinance or ordinances for any of the purposes covered in this act, such ordinance or ordinances shall be deemed to have been adopted under the provisions of this act, and it shall not be necessary in such cases for the local legislative body to appoint a zoning commission as herein provided. All such ordinances shall remain in full force and effect, except so far as they shall be inconsistent with the provisions of .this act,
 
 until they shall have been amended, altered or repealed by such legislative body.”
 
 (Italics ours)
 

 “Section 12. The provisions of this act
 
 shall not repeal or limit the powers delegated to cities of over 50,000 inhabitants
 
 by Act 27 of the Legislature of Louisiana of 1918 and are considered only as supplementary thereto.” (Italics ours)
 

 “Section 5. * * * The provisions of' the previous section [Section 4] relative to public hearing and official notice shall apply equally
 
 to all changes or amendments.”
 
 (Italics ours)
 

 Sections 10' and 12 of Act 240 of 1926 indicate clearly that it was the Legislature’s intention to make Act 240 apply to all zoning ordinances subsequently adopted or amended by all municipalities, except those having more than 50,000 inhabitants, and thus falling under Act 27 of 1918.
 

 There is no doubt that the subsequent general municipal zoning statute, Act 240 of 1926; repeals and supersedes the provisions, in Section 21 of the Charter of the City of Baton Rouge, that are inconsistent with Section 4 of that statute.
 

 Judgment affirmed.