60 So.2d 867

**SIMMONS v. CITY OF SHREVEPORT.**

No. 39465.

July 3, 1952.

Rehearing Denied Oct. 7, 1952.

J. N. Marcantel, Shreveport, for defendant-appellant.

Robert G. Chandler, Francis R. Edwards, Shreveport, for plaintiff-appellee.

MOISE, Justice.

The plaintiff operates a drug store in the City of Shreveport, La. As an incident to and in connection therewith, he applied to and was granted by the municipality, on November 26, 1948, a retail liquor permit to sell package liquors. On January 3, 1949 the City issued him a second permit for the same purpose, for that year. In his petition he alleges that on February 17, 1949, the Commissioner of Accounts and Finances addressed a communication to him advising of the passage of Ordinance No. 10 of 1949 wherein demand was made upon him for the surrender of his 1949 permit authorizing the sale of alcoholic liquors. The constitutionality of the said ordinance was assailed by the plaintiff which attack of unconstitutionality was sustained by the court and a permanent injunction on the merits was granted against the City, restraining the enforcement of the ordinance.

From the judgment rendered, the City appealed.

■ Our jurisdiction is limited to the question of unconstitutionality and an inquiry which poses this question: Will relator (plaintiff) be denied a right guaranteed to him by the Constitution, if the ordinance is enforced? Judicial proprieties are better argued by accepting in substance the point of inquiry as to the legal issues. In his complaint, plaintiff alleges the unconstitutionality of the ordinance in the following particulars:

"A. Because said ordinance is an attempt to repeal by implication a portion of Ordinance 80 of 1948 without complying with the provisions of the law requiring prior advertisement and public hearing.

"B. Because said Ordinance, in depriving petitioner of his right to sell liquor in packages while permitting such sales by similar businesses, which had been in operation for one year, discriminates against—your petitioner, deprives him of his property without due process of law, and denies him the equal protection of the laws, all in violation of Section 1 of the 14th Amendment of the Constitution of the United States and the provisions of Section 2 of Article 1 of the Constitution of 1921 of the State of Louisiana.

"C. Because said ordinance is arbitrary, unreasonable, and unnecessary to protect public safety, morals or wel-

fare; that specifically the City Council having found following two public hearings that the package sales of liquor in D–2, Residential Commercial Districts was not detrimental to the public welfare, said sales cannot be now injurious to the public because the same factual situation exists.

"D. Because municipal corporations are forbidden by the provisions of Section 24 of Act 15 of 1934, as last amended by Act 384 of 1946 [LSA–R.S. 26:-492, 26:494, 26:496], to regulate the business of selling alcoholic beverages any more than is necessary for the protection of public health, morals, safety and peace and Ordinance 10 of 1949 is not necessary for the protection of the public safety, welfare and peace."

A study of the record and of the jurisprudence on the legal questions involved confirms the learned district judge's findings of fact and law, and we adopt his opinion, in part, as our own:

"The facts of the case show that sometime, more than three years ago, the plaintiff in this case bought and began the operation of a drug store located at the above address and operated it as such, selling nationally known drugs and such other items as are usually found in a drug store, but maintained no prescription department and did not sell drugs that he or anyone in his employ had compounded with the exception of a short time during which time he did have a registered pharmacist and filled prescriptions. The location of his store is in what is designated for zoning purposes as 'D–2' Neighborhood Commercial District. He had, pursuant to obtaining a permit from the City to operate a package goods liquor department, gone to the expense of installing such a department and had a substantial investment in same. In demanding that he surrender his permit the City, through its Commissioner, offered no reason or made no complaint against him in regard to his manner or method of operating his business. They offered him no opportunity to be heard. They did however offer to refund him the unused portion of his license money paid them.

"The City has questioned the plaintiff's business as being a bona fide drug store. The City claims that under the provisions of Act 469 of 1948 of the Legislature [LSA–R.S. 37:1171 et seq.], the plaintiff's business fails to come within the definition of a drug store. In granting the preliminary injunction in this case we held that the plaintiff did in fact operate a bona fide drug store and come within the exception set forth in section 14 of said Act. After hearing the case on the merits we are still of that opinion and think that the case of State v. Holmes, 28 La.Ann. 765, definitely decided that issue. Although the case is an old one it has not been overruled, nor have we been able to find any decision to the contrary. In that case a country merchant down at Natchitoches had a section of his general store allotted to the display and sale of certain patented medicines and drugs, such as are commonly used by

the public without the advice of prescription of a physician. The owner of the store was sued by the State for not having a license to operate a drug store and the Supreme Court held that he was operating a drug store. Unquestionably the object of Act 469 of 1948 is to regulate such drug stores as maintain a pharmaceutical department and compound and mix drugs from the raw state into saleable drugs usually used in filling doctor's prescriptions. The plaintiff in this case does not maintain a prescription department, although at times, since he obtained his liquor permit he has had the services of a registered pharmacist. We think that he clearly comes within the exception of the Act, as do the drug stores at Oil City, Rodessa and other small places which are unable to employ one or more registered pharmacists to be on duty at all times as required by the Act.

"The plaintiff in this case is a young man who bought and began the operation of this drug store upon his return from the last war. He operated the store for more than two years before he attempted to obtain a retail liquor permit, so there can be no charge that he is operating a liquor store primarily and that his drug store is a subterfuge.

"In reading Ordinance No. 10 of 1949, an amendment to Ordinance No. 98 of 1945, the liquor regulatory ordinance, one would gather from the title and the body of the ordinance that it was a zoning ordinance, as the title refers to certain zones within the City of Shreveport, and Section Two of the ordinance makes reference to Ordinance No. 80 of 1948, Shreveport's zoning ordinance. Counsel for the City has urged that the two ordinances being in pari materiæ should be construed together. This being a sound proposition of law and it being nothing new for two or more laws covering the same subject to be passed by the same legislative body without reference to each other, we have accepted and followed that course. We have construed all of the pertinent ordinances as well as the Acts of the Legislature on the subject together.

"The plaintiff in this case obtained his permit pursuant to the enactment of Ordinance No. 80 of 1948, a zoning ordinance, as well as under the liquor regulatory ordinance. Section 11 paragraph 23 of said ordinance of 1948, provided for package sales of liquor in the operation of a bona fide drug store which had been in operation for a period of one year.

"In granting the preliminary injunction in this case we held that if the ordinance in question was a zoning ordinance it was invalid, not having followed the requirements prescribed for the enactment of zoning ordinances and we cited the case of State ex rel. Chachere v. Booth, 196 La. 598, 199 So. 654, which case held:

"'The act requiring a public hearing on proposed zoning ordinances is a general municipal zoning statute covering the whole subject matter and repeals and supersedes inconsistent provisions

in a city charter, and hence a zoning ordinance adopted in conformity with the charter, but without a public hearing and notice thereof, is void.'

"In the argument of this case on the merits, however, counsel for the City concede that they made no contention that the ordinance in question was a zoning ordinance but purely a liquor regulatory ordinance. That concession and the above cited case dispose of that point conclusively.

"The City of Shreveport raised the point, although it has not mentioned same except to ask plaintiff some questions concerning his obtaining of the permit, and we don't think that it is seriously urged, that the permit under which the plaintiff is operating was prematurely issued in the first instance. It contends that plaintiff did not make the proper application and advertise his intentions to apply as provided. Our view is that in granting the permit for the year 1948, at which time the Commissioner of Accounts and Finances personally called plaintiff by telephone to come down and pick up his permit, and the renewal of it for the year 1949, had the effect of waiving the formalities of applying of which the City now complains. As we see it, the purpose of following these formalities is for the City Council to have an opportunity to inquire into the background of the applicant and determine whether or not he is a fit person, in their opinion, to be engaged in the liquor business. When the Council has enough information to determine that they will issue the permit then they have waived the formalities which we think are merely directory and not mandatory.

"Counsel for the City cites, urges and relies upon the case of City of New Orleans v. Smythe, 116 La. 685, 41 So. 33, 6 L.R.A., 722. A careful study of this case reflects that it is authority for our holding on the rule for the preliminary injunction. In discussing the ordinance of the City of New Orleans, which prohibited others from entering the liquor business who had not been in the business prior to the adoption of the ordinance, the court pointed out that statutes requiring persons to secure licenses to engage in certain professions before entering into the practice thereof, had been upheld. None of these statutes, as far as we have been able to find, have been held void. Counsel for the City also has made reference to the Act of the last legislature regulating Notaries Public in Caddo Parish, which Act requires applicants for that position to be examined by a board, etc. The case at bar is distinguished from those cases in that the plaintiff in the present case had already been licensed. * * * In the present case the City, after due deliberation and consideration, had seen fit to license the plaintiff and had gone to the extent of having one of their members to call him upon the telephone to come down and pick up his license. The plaintiff had then gone to the expense of installing his liquor department and, according to the record had made a substantial investment in so

doing. In the cited cases the ordinance provided that an application for a license to sell intoxicating liquor would only be issued after a certain number of residents within the area where the applicant proposed to operate had signed a petition signifying their willingness. Smythe had secured the necessary signatures and the city council refused him a permit. He went ahead and set up his liquor establishment without a permit and was fined ten dollars for operating without said permit. The court upheld his conviction but stated that his remedy was by mandamus, and indicated that if he mandamused the city council they would have to issue him a permit. He had never previously had a permit nor operated a liquor establishment, as had the plaintiff in the present case.

"In the case of Town of Mandeville v. Band, 111 La. 806, 35 So. 915, the defendant was convicted and fined for operating a liquor establishment without a license from the city council as required by an ordinance of that municipality. After declaring the ordinance invalid for other reasons, the Supreme Court had this to say:

"'In the second place, we feel quite confident in the * * * conclusion that an ordinance should not discriminate in favor of any one. Drawn as it is in this case, the ordinance would have the effect of permitting the fortunate few who are conducting the saloon business within the designated limits to continue unmolested with their business, while the less fortunate, who come after, are excluded.

"'It is well settled in matter of municipal regulation that a person engaged in a particular business in a particular locality is not to be advantaged by an ordinance to permit him to continue his business, whilst others are forbidden from carrying on the same business.

"'Principle very similar was laid down in Town of Crowley v. West, 52 La.Ann. [526], 527, 27 So. 53, 47 L.R.A. 652, 78 Am.St.Rep. 355, following the leading case of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

"'The ordinance in this case does not apply to all alike, and it does discriminate as to time. It provides, in effect, that from the year 1902 no saloon shall be kept within certain limits, while it leaves free to carry on the business those who were within time limits. The ordinance, in effect, provides that hereafter it shall be unlawful to "establish or set up a drinking house."

\* \* \* \* \* \*

"'Whatever power the town has, its ordinances should affect all alike.'

"In the case of State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 1003, 67 L.R.A. 70, an ordinance of the City of New Orleans regulating the sale of liquor was attacked as being discriminatory and confiscatory. The City of New Orleans had passed the ordinance under an act of the legislature, specifically granting them the exclusive power to regulate the sale of in-

toxicants. Their charter also enumerated control and regulation in its powers. Pursuant to this power granted they passed an ordinance requiring certain things to be done before a liquor permit would be issued. Galle did the necessary things and was refused a permit. He brought writs of mandamus against the City to force it to issue him a permit. The writs were granted and the Supreme Court in upholding the District Court, in passing upon that case cited an Illinois case which held:

"'"Under a general ordinance of the city for licensing dramshops, the city authorities have no right to make an arbitrary discrimination in granting licenses. They cannot grant the same to a favored few, and refuse it to another who has in all respects complied with the ordinance and laws of the state, and who is admitted to be in every respect a suitable person. The business of dealing in liquor is recognized by the Constitution as being a legitimate business, and a license to keep a grocery or dramshop is placed in the same category with any other lawful business, and must be dealt with according to law, and special privileges are not to be granted to particular persons. * * * Ordinances must be general in their character, and operate equally upon all persons within the municipality, of the same class, to whom they relate. They must not be in violation of any law, contrary to public policy, or unnecessarily oppressive, and

must not unjustly and arbitrarily discriminate between citizens of the same class." Zanone v. Mound City, [103] Ill. 552.'

"After citing that case, the court continued:

"'The case at bar differs from some of those which have been cited, in that they concerned harmless callings, whilst that in which the relator proposes to engage is usually regarded as pernicious. That fact, no doubt, furnishes a sufficient reason for discriminating against the calling, but it affords no justification for discriminating between persons similarly situated who may be, or may desire to become, engaged in that calling. The relator occupies the same relation to any other barkeeper that the trade of the barber does to that of the baker, and the principle applied as between the two trades is equally applicable as between the two individuals engaged in the same business or trade. A statute of this state imposing conditions upon the business of selling intoxicating liquors, though such conditions be more onerous than those imposed upon another business, may be sustained because the business of selling intoxicating liquors more seriously affects the health, morals, and general welfare of the public than another business; but where, as in this case, the state legalizes the business of selling liquors, and an individual citizen is denied the right to engage in it in a place and under conditions where

and under which others having no better qualifications than he are so engaged, the law, if any there be, authorizing such denial, has no just foundation in reason or in the police power of the state, for it deprives one citizen of the right to earn his livelihood by means of a lawful calling, .whilst according that right to others similarly situated, and, in so doing, deprives him of the equal protection of the law, and of his liberty, without due process of law, and oversteps those restrictions upon legislation which are said to be inherent in the nature of American institutions.'

██ "The City of Shreveport in the present case has gone much further than did the municipal authorities in those cases. In those cases it is to be noted that the governing authorities had not issued any permit in the first instance, whereas in this case the City had not only issued a permit but the Commissioner of Accounts and Finances had called the plaintiff up on the telephone and requested that he come to his office and obtain it. That was for the later part-of 1948. Then the Council renewed said permit January 3, 1949, twenty-three days before the introduction of the ordinance which has the effect, if valid, of depriving plaintiff of his permit. The City argues that it has the 'inherent' power to regulate traffic in intoxicating liquors and cites the case of City of Lafayette v. Deep,

160 La. 5, 106 So. 654, 655, in support thereof; in that case the Court said:

"'The charter specially authorizes the said board of trustees to adopt all ordinances that may be deemed proper to regulate and preserve the peace and good order of the city'. \

"We find no fault with this statement but find what appears to us to be the contrary view expressed in the case of City of Minden v. David Brothers Drug Company, 195 La. 791, 197 So. 505, 507, a much later case, in which the Court said:

"'A municipal corporation has no inherent power to enact police regulations, but derives it solely from the legislature and consequently can exercise only such power as is fairly included in the grant of powers by its charter.' "

██ Although the decision of the United States Supreme Court in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 1073, 30 L.Ed. 220, was handed down in the year 1886, the principle of constitutional law therein asserted has not changed through the corridors of time. In that case it was said:

"Though the law itself be fair on its face, and impartial in appliance, yet, if it is applied and administered by public authority with * * * an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances,

material to their rights, the denial of equal justice is still within the prohibition of the constitution. \* \* \*"

Believing that a much stronger case is presented here than in the cited cases and that the Ordinance of the City Council of Shreveport (No. 10 (ten) of 1949) is arbitrary, unreasonable, discriminatory and confiscatory, and that it denies plaintiff the equal protection of the laws guaranteed him by the Constitutions of the State of Louisiana, and the United States, the judgment of the district court will not be disturbed.

For these reasons, the judgment appealed from is affirmed; defendant to pay all costs of court.

McCALEB, J., concurs in the decree.